Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, New York 10178-0002
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: cwolfe@kelleydrye.com; sneeley@kelleydrye.com
Proposed Counsel for Debtor

Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:jpomerantz@pszjlaw.com; jdulberg@pszjlaw.com
Proposed Local/Conflicts Counsel for Debtor

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CONTESSA PREMIUM FOODS, INC.,[1]<br><br>Debtor. | Case No.: 2:11-bk-13454-PC<br><br>Chapter 11<br><br>**NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION OF DEBTOR FOR ORDER ESTABLISHING NOTICE PROCEDURES AND PERMITTING DEBTOR AND DEBTOR IN POSSESSION TO SERVE INSURED DEPOSITORY INSTITUTIONS BY FIRST-CLASS MAIL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Daniel Scouler Filed Concurrently Herewith]<br><br>**<u>Hearing</u>**<br>Date: TBD<br>Time: TBD<br>Place: Courtroom 1539<br>Edward R. Roybal Federal Bldg.<br>255 East Temple Street,<br>Los Angeles, CA 90012<br>Judge: Honorable Peter H. Carroll |

[1] The Debtor is a California corporation, Fed. Tax I.D. No. 33-0020606. The Debtor's address is 222 West 6th Street, 8th Floor, San Pedro, California 90731.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR'S TWENTY LARGEST UNSECURED CREDITORS, THE DEBTOR'S ALLEGED SECURED CREDITORS, AND PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that Contessa Premium Foods, Inc., a California corporation, the debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves this Court, on an emergency basis, for entry of an order establishing notice procedures for this chapter 11 case (the "Motion"). The proposed notice procedures will streamline the preparation and service of notices in this case by limiting, to the extent allowed, the parties upon whom notice must be served. The notice procedures are more fully described in the annexed Memorandum of Points and Authorities.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2081-1,[2] this Motion may be heard on less than two days' notice to the Court. Because the Debtor is concurrently with this Motion filing other motions seeking relief in connection with other matters and will in all likelihood file various other motions during the first days of this Case, the Debtor, requests that this Motion be heard on an emergency basis. Granting the relief requested in this Motion on an emergency basis will benefit the Estate immediately by saving the Debtor the substantial costs of serving the various notices and motions that will be filed in the beginnings of this chapter 11 case on the many parties who will view such service as a waste of the Debtor's assets. The Debtor respectfully requests that the Court schedule a hearing on this Motion at the same time as other first day motions to avoid disruption to the Debtor's operations and to facilitate the orderly administration of this case.

**PLEASE TAKE FURTHER NOTICE** that any opposition or objection to the Motion must be filed with the Court and served on proposed counsel for the Debtor at the above address any time before the hearing or may be presented at the hearing on the Motion at the time and place set forth in the Notice of Hearing on Emergency Motions that will be filed and served upon obtaining a hearing date for the Debtor's "First Day Motions". Your failure to timely object may be deemed by the

---

[2] Pursuant to Local Bankruptcy Rule 9075-1(a)(3), no separate motion for an expedited hearing is required.

Court to constitute consent to the relief requested herein.

**PLEASE TAKE FURTHER NOTICE** that the Debtor will serve this Notice and Motion and the attached Memorandum of Points and Authorities, and the Declaration, on: (1) the Office of the United States Trustee; (2) the creditors appearing on the list filed in accordance with Fed. R. Bankr. P. 1007(d) by the Debtor; (3) the prepetition lender; (4) the Noticed Depository Institutions (as defined in the Memorandum of Points and Authorities), and (5) parties that file with the Court and serve upon the Debtor requests for notice of all matters in accordance with Bankruptcy Rule 2002(i). To the extent necessary, the Debtor requests that the Court waive compliance with Local Bankruptcy Rule 9075-1(a)(5) and approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by overnight delivery. In the event that the Court grants the relief requested by the Motion, the Debtor shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs. The Debtor submits that such notice is sufficient and that no other or further notice be given.

**PLEASE TAKE FURTHER NOTICE** that the Motion is supported by this Notice of Motion, the Notice of Emergency Motions that will be filed and served upon obtaining a hearing date for the Debtor's "First Day Motions," the attached Memorandum of Points and Authorities, the concurrently filed *Declaration of Daniel Scouler in Support of Emergency First Day Motions* (the "Scouler Declaration"), the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**WHEREFORE**, based on this Motion, the annexed Memorandum of Points and Authorities, and the Scouler Declaration, the Debtor respectfully requests that the Court enter an order:

1. Establishing notice procedures in this chapter 11 case, as more fully set forth in the annexed Memorandum of Points and Authorities; and

2. Granting to the Debtor such other relief as the Court deems necessary and appropriate.

Dated: January 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ *Jeffrey W. Dulberg* ______________________
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)

Proposed Local/Conflicts Counsel for Debtor

KELLEY DRYE & WARREN LLP

Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)

Proposed Counsel for Debtor

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. Jurisdiction & Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. General Background

On January 26, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case (the "Case").

In 1984, John Z. Blazevich, the Debtor's President, Chief Executive Officer and largest shareholder, started the Debtor's business as a small shrimp importer in San Pedro, California where it remains headquartered today. In the 26 years the Debtor has been operating, Mr. Blazevich has grown the company through his personal relationships with suppliers and customers into a premium provider of farm raised shrimp, convenience meals, stir-fry vegetables, and other frozen food products that are marketed and/or sold primarily in the United States and to a lesser extent in Canada, Europe, Asia, and Mexico. The Debtor divides its business into two internal groups: Contessa Seafood, which includes its seafood items, and Contessa "Green Cuisine," which includes all other fruit, vegetable and complete meal blends. The primary raw material used in its seafood products is farm-raised shrimp, which are procured from Thailand, Vietnam and other parts of Southeast Asia. Vegetables, fruit, and other raw materials are procured from sources in Asia, Central America, Mexico, and the United States. The Debtor's products are found in the frozen food section of major retail supermarkets, U.S. Armed Forces commissaries and fine dining establishments.

After two profitable decades in business, the Debtor began an expansion program in 2005

by investing in a new manufacturing plant in the City of Commerce, California that would become the world's first environmentally-friendly frozen food processing center. The land, building and certain equipment are leased from third parties with certain other equipment being financed under a secured industrial development bond financing arrangement. Not long after the new plant started production in January 2008, the so-called Great Recession occurred, significantly reducing the sale of the Debtor's premium quality products as consumers turned to less expensive alternatives. Rather than increasing its sales through the increased capacity of the new plant, sales actually declined because of the contracting economy. For instance, in 2010, the Debtor had sales of approximately $154 million, down from its peak in 2007 of approximately $221 million. Unable to increase its sales sufficiently to support the additional debt service associated with the new plant, the Debtor commenced this chapter 11 proceeding with the goal of restructuring its business through a plan of reorganization intended to rationalize its balance sheet and right-size the Debtor's manufacturing facilities by focusing on its core business that remains profitable.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

## II.

## RELIEF REQUESTED

Rule 2002(a) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rule") provides that, unless otherwise ordered under Bankruptcy Rules 2002(h), (i), (l), (p) and (q), notice of specified matters must be provided to all creditors. Fed. R. Bankr. P. 2002(a). Other provisions of the Bankruptcy Code and the Bankruptcy Rules state that notice of specified matters must be given only to designated entities who are entitled to notice and any other entities that the Court may direct. It would be impractical and impose a large administrative and economic burden upon the Debtor's estate to require the Debtor and parties in interest to mail notices of every matter in this case to the thousands of parties listed on the Debtor's creditor matrix.

### A. Proposed Notice Procedures

As permitted by Bankruptcy Rules 2002(i) and (m), the Debtor requests that the Court enter an order that, to the extent allowed, limits the parties upon whom the Debtor and parties in interest must serve notice in this case. The order also should designate the manner of service regarding all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court

to designate the manner of service, including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006, and 6007. It is well within the Court's authority to regulate notices and approve the notice procedures proposed herein. Such procedures will minimize administrative burdens in this case without diminishing creditor participation.

**B. Proposed Notice Parties**

The Debtor proposes that notices regarding all matters or proceedings, other than the matters or proceedings referred to in Bankruptcy Rules 2002(a)(1), (4), (5), and (7) and (b), (d), and (f), need be served only upon the following parties:

a. The Office of the United States Trustee, at the following address:

Office of the U.S. Trustee
725 South Figueroa Street
Suite 2600
Los Angeles, CA 90017
Facsimile: (213) 894-2603

b. Counsel for any committee appointed under Bankruptcy Code section 1102 or, before and until the appointment of such committee, each of the creditors that the Debtor, in compliance with Bankruptcy Rule 1007(d), included on its list of twenty largest unsecured creditors, as such may be subsequently amended;

c. The Debtor's secured lender and its counsel at the following addresses:

Wells Fargo Bank, National Association
Attn: Art Brokx
333 South Grand Avenue, Suite 940
Los Angeles, CA 90071

<u>and</u>

Paul Hastings
Attn: John F. Hilson, Esq.,
515 South Flower Street, 25th Fl.
Los Angeles, CA 90071
Facsimile: (213) 996-3300

d. The Internal Revenue Service at the following address:

Internal Revenue Service So. Cal.
IRS - Los Angeles
300 North Los Angeles St., Room 1216
Los Angeles, CA 90012

e. The Debtor and its proposed counsel at the following addresses:

Contessa Premium Foods, Inc.
Attn: Gregory Morrow
222 West 6th Street

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

San Pedro, CA 90731
Facsimile: (310) 832-8333

and

Kelley Drye & Warren LLP
Attn: Craig Wolfe, Esq.
Stacia Neeley, Esq.
101 Park Avenue
New York, NY 10178
Facsimile: (212) 808-7897

and

Pachulski Stang Ziehl & Jones LLP
Attn: Jeffrey N. Pomerantz, Esq.
Scotta E. McFarland, Esq.
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067
Facsimile: (310) 201-0760

f. Entities that hold claims or interests and that both file a request for special notice with the Court and properly serve such request on the Debtor's proposed reorganization counsel; and

g. Any entity against whom direct relief is sought, such as the non-debtor party to an executory contract or unexpired lease that is being assumed or rejected.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Any of the entities listed above may request that notices be sent to a different address by both filing a request for change of address with the Court and properly serving such request on the Debtor's proposed reorganization counsel. Similarly, counsel for any of the entities listed above, if other counsel is substituted in their place, may report the substitution and request that notices be sent to the new counsel by both filing a request for address change with the Court and properly serving such request on the Debtor's proposed reorganization counsel. Unless otherwise required, either by Bankruptcy Rule 7004(h) or by an order of the Court, all notices in this case may be provided by first-class mail.

Unless otherwise ordered by the Court, the limitation on notice proposed by the Motion does not apply to matters or proceedings referred to in Bankruptcy Rules 2002(a)(1), (4), (5) and (7), and (b), (d), and (f). These matters or proceedings must be noticed in accordance with applicable Bankruptcy Rules.

Attached hereto as **Exhibit A** is the form of notice (the "Notice") the Debtor proposes to provide to all known creditors upon entry of an Order granting the relief requested herein. The

Notice states that, unless a creditor or an interested party files and serves a request for special notice in accordance with the procedures set forth above, the creditor or interested party will only be provided with copies of those Court filings that are required to be served on all creditors pursuant to Bankruptcy Rules 2002(a)(1), (4), (5) and (7), and (b), (d), and (f)**.**

**C. <u>Proposed Manner of Service on Insured Depository Institutions</u>**

Bankruptcy Rule 7004(h) states that service on an insured depository institution (as such term is defined in 11 U.S.C. §101 (35)) in a contested matter or adversary proceeding should be made by certified mail addressed to an officer of the institution unless, among other things, the court orders otherwise or the institution waives its entitlement to service by certified mail:

> Service on an insured depository institution . . . in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless-
>
> > (1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;
> >
> > (2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
> >
> > (3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.

Fed. R. Bankr. P. 7004(h).

The Motion, including exhibits attached thereto, will be served by certified mail on each of the "Noticed Depository Institutions" that are listed on **<u>Exhibit B</u>** hereto, to the attention of an officer of such institution.

As authorized by Bankruptcy Rule 7004(h)(2), the Debtor proposes that the Court order that future service on the Noticed Depository Institutions be made by first-class or overnight delivery. The order should further provide that notices be sent to each of the officers of the Noticed Depository Institution listed in <u>Exhibit B</u> unless the particular Noticed Depository Institution designates another officer for service. The Debtor also proposes that the order provide that, under Bankruptcy Rule 7004(h)(3), any entity that requests special notice in this case and that

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

considers itself to be an insured depository institution must designate an officer to receive service and that such request and designation constitutes a waiver of any entitlement to service by certified mail.

**D. <u>Service of This Motion</u>**

The Motion will be served by overnight delivery on each of the entities listed in Section B above. The Motion will be served by both overnight delivery and certified mail on each of the Noticed Depository Institutions listed in <u>Exhibit B</u> hereto to the attention of the officers listed therein. The Debtor submits that such notice is appropriate under the circumstances.

**III.**

**ARGUMENT**

**A. <u>The Bankruptcy Rules Authorize the Court to Regulate Notice Requirements</u>**

The Bankruptcy Rules authorize this Court to regulate notice requirements. First, Bankruptcy Code section 102(1)(A) defines the phrase “after notice and a hearing” to mean after appropriate notice and an opportunity for a hearing. 11 U.S.C. § 102(1)(A). Bankruptcy Rule 9007 grants the Court general authority to regulate notices. Fed R. Bankr. P. 9007. Bankruptcy Rule 2002(m), which also gives the Court discretion to enter orders regulating notice, provides that the Court may designate the scope, form and manner of notices except as otherwise provided under the Bankruptcy Rules. Fed. R. Bankr. P. 2002(m). The notice procedures outlined in the Motion and this Memorandum of Points and Authorities comport with Bankruptcy Rule 2002(i), which specifically provides, in part, that notices of all matters should be provided to any official committees. Fed. R. Bankr. P. 2002(i). The use of the notice procedures proposed herein is especially appropriate in cases of this size and magnitude, where providing notice of every matter to literally hundreds of entities would be unjustifiably burdensome and costly.

**B. <u>Bankruptcy Rule 7004(h) Authorizes the Court to Order that Future Service on Insured Depository Institutions Be Made by First-Class Mail</u>**

As discussed above, Bankruptcy Rule 7004(h) states that service on an insured depository institution in a contested matter or adversary proceeding must be made by certified mail addressed to an officer of the institution unless the court orders otherwise or the institution waives its

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

entitlement to service by certified mail. Fed. R. Bankr. P. 7004(h). The Debtor will serve the Motion by certified mail on an officer of each of the Noticed Depository Institutions listed in Exhibit B hereto. As authorized under Bankruptcy Rule 7004(h)(2), the Debtor requests that the Court order that future service on Noticed Depository Institutions be made by first-class mail to each of the officers listed in Exhibit B hereto, unless the particular Noticed Depository Institution designates another officer for service. The Debtor also proposes that the order provide that, under Bankruptcy Rule 7004(h)(3), any entity that requests special notice in this case and that considers itself to be an insured depository institution must designate an officer to receive service and that request and designation constitutes a waiver of any entitlement to service by certified mail.

**C. Court Approval of the Motion Will Minimize the Administrative Burden that Otherwise Would Be Imposed on the Estate**

As permitted by Bankruptcy Rules 2002(i), 2002(m), and 7004(h)(2) and (3), the Debtor has proposed to limit notice, designate the parties upon whom notice must be served, and establish the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to take such action, including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006, and 6007. The Debtor believes that it is necessary and appropriate to adopt procedures proposed herein for several reasons.

First, providing notice of all matters in this case to hundreds of entities would substantially delay the provision of notices in this case, place an enormous administrative burden on the Debtor's estate, and could impede the consummation of transactions, negotiations, settlements, and/or the granting of relief that may be advantageous to the Debtor's estate.

Second, providing notice of all matters to hundred of entities and serving all notices to depository institutions by certified mail, (rather than first-class or overnight mail), would unnecessarily increase the cost of administering this case and, in many instances, actually delay service to these institutions. The Debtor's proposed notice procedures are well within the Court's authority to regulate notice and will mitigate the administrative burden that would otherwise be imposed upon the estate without diminishing creditor participation in this case.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**WHEREFORE**, based on the foregoing, the Debtor respectfully requests that the Court enter an order:

1. Establishing notice procedures in this chapter 11 case, as more fully set forth herein; and

2. Granting to the Debtor such other relief as the Court deems necessary and appropriate.

Dated: January 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ *Jeffrey W. Dulberg*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)

Proposed Local/Conflicts Counsel for Debtor

KELLEY DRYE & WARREN LLP

Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)

Proposed Counsel for Debtor

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**EXHIBIT A**

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, New York 10178-0002
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: cwolfe@kelleydrye.com; sneeley@kelleydrye.com
Proposed Counsel for Debtor

Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:jpomerantz@pszjlaw.com; jdulberg@pszjlaw.com;
Proposed Local/Conflicts Counsel for Debtor

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CONTESSA PREMIUM FOODS, INC.,[1]<br><br>Debtor. | Case No.:<br><br>Chapter 11<br><br>**NOTICE OF ENTRY OF ORDER ESTABLISHING NOTICE PROCEDURES AND PERMITTING DEBTOR AND DEBTOR IN POSSESSION TO SERVE INSURED DEPOSITORY INSTITUTIONS BY FIRST-CLASS MAIL** |

**PLEASE TAKE NOTICE** that on January 26, 2011, Contessa Premium Foods, Inc., the debtor and debtor in possession in the above-captioned case (the "Debtor"), commenced this chapter 11 case before the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

**PLEASE TAKE FURTHER NOTICE** that an emergency hearing (the "Emergency Hearing") was held on January [__], 2011 with respect to the *Emergency Motion for Order*

[1] The Debtor is a California corporation, Fed. Tax I.D. No. 33-0020606. The Debtor's address is 222 West 6th Street, 8th Floor, San Pedro, California 90731.

*Establishing Notice Procedures and Permitting Debtor and Debtor in Possession to Serve Insured Depository Institutions by First-Class Mail* (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Bankruptcy Court's Order approving the Motion, you will not receive notice with respect to any matters or proceedings in this case, other than particular matters or proceedings referred to in Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002(a)(1), (4), (5), (7) and (b), (d), and (f), if you are entitled to such notice, unless you both file a request for special notice with the Clerk of the United States Bankruptcy Court, Los Angeles Division at the following address: 255 East Temple Street, Los Angeles, CA 90012 and properly serve such request on the Debtor's proposed counsel, Kelley Drye & Warren LLP, Attn: Stacia A. Neeley, Esq., 101 Park Avenue, New York, NY 10178, Facsimile: (212) 808-7897, and Pachulski Stang Ziehl & Jones LLP, Attn: Scotta E. McFarland, Esq., 10100 Santa Monica Blvd., 11th Floor Los Angeles, CA 90067, Facsimile: (310) 201-0760.

**PLEASE TAKE FURTHER NOTICE** that notices of all matters, other than those matters or proceedings referred to in Bankruptcy Rules 2002(a)(1), (4), (5), (7) and (b), (d), and (f), will be served only on the following (the "Notice Parties"):

a. The Office of the United States Trustee, at the following address:

Office of the U.S. Trustee
725 South Figueroa Street
Suite 2600
Los Angeles, CA 90017
Facsimile: (213) 894-2603

b. Counsel for any committee appointed under Bankruptcy Code section 1102 or, before and until the appointment of any such committee, each of the creditors that the Debtor, in compliance with Bankruptcy Rule 1007(d), included on the list of the twenty largest unsecured creditors, as such list may be subsequently amended;

c. The Debtor's secured lender and its counsel at the following addresses:

Wells Fargo Bank, National Association
Attn: Art Brokx
333 South Grand Avenue, Suite 940
Los Angeles, CA 90071

and

[2] Capitalized terms not herein defined have the meanings ascribed to them in the Motion.





Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Paul Hastings
Attn: John F. Hilson, Esq.
515 South Flower Street, 25th Fl.
Los Angeles, CA 90071
Facsimile: (213) 996-3300

d. The Internal Revenue Service at the following address:

Internal Revenue Service So. Cal.
IRS - Los Angeles
300 North Los Angeles St., Room 1216
Los Angeles, CA 90012

e. The Debtor and its proposed reorganization counsel at the following addresses:

Contessa Premium Foods, Inc.
Attn: Gregory Morrow
222 West 6th Street
San Pedro, CA 90731
Facsimile: (310) 832-8333

and

Kelley Drye & Warren LLP
Attn: Craig Wolfe, Esq.
Stacia Neeley, Esq.
101 Park Avenue
New York, NY 10178
Facsimile: (212) 808-7897

**PLEASE TAKE FURTHER NOTICE** that if you intend to file a pleading in this case, you must file the pleading with the Clerk of the Court of the United States Bankruptcy Court, Central District of California, Los Angeles Division, at the following address: 255 E. Temple Street, Los Angeles, CA 90012, and serve it on all of the Notice Parties. Papers are deemed filed only when received by the Clerk of the Court. To obtain a current list of the Notice Parties who properly filed and served a request for special notice (as described above) (the "Special Notice List"), you should contact the Debtor's proposed reorganization counsel: Kelley Drye & Warren LLP, Attn: Stacia A. Neeley, Esq., 101 Park Avenue, New York, NY 10178, Facsimile: (212) 808-7897, and Pachulski Stang Ziehl & Jones LLP, Attn: Scotta E. McFarland, Esq., 10100 Santa Monica Blvd., 11th Floor Los Angeles, CA 90067, Facsimile: (310) 201-0760.

**PLEASE TAKE FURTHER NOTICE** that any Notice Party may request that notices be sent to a different address by both filing a request for change of address with the Court and properly serving such request on the Debtor's proposed reorganization counsel. Similarly, counsel

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

for any of the Notice Parties, if other counsel is substituted in their place, may report this substitution and request that notices be sent to the new counsel by both filing a request for address change with the Court and properly serving such request on the Debtor's proposed counsel.

**PLEASE TAKE FURTHER NOTICE** that notwithstanding Federal Rule of Bankruptcy Rule 7004(h), all notices in this case may be provided to insured depository institutions as such term is defined in 11 U.S.C. §101(35) by first-class mail.

**PLEASE TAKE FURTHER NOTICE** that any entity requesting special notice in this case that considers itself to be an insured depository institution must designate an officer to receive service; provided, however, that such request and designation shall constitute a waiver of any entitlement to service by certified mail under Federal Rule of Bankruptcy Procedure 7004(h).

Dated: January 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ *Jeffrey W. Dulberg* ____________________
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)

Proposed Local/Conflicts Counsel for Debtor

KELLEY DRYE & WARREN LLP

Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)
Proposed Counsel for Debtor

**EXHIBIT B**

(Depository Institutions)

Wells Fargo & Company
Attn: John G. Stumpf, Chairman & Chief Executive Officer
420 Montgomery Street
San Francisco, CA 94104

Wells Fargo Bank, N.A.
Attn: Kenneth Frye
28350 S Western Ave
Rancho Palos Verdes, CA 90275

Wells Fargo Bank, N.A.
Attn: Art Brokx
333 South Grand Avenue, Suite 940
Los Angeles, CA 90071

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document ***NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION OF DEBTOR FOR ORDER ESTABLISHING NOTICE PROCEDURES AND PERMITTING DEBTOR AND DEBTOR IN POSSESSION TO SERVE INSURED DEPOSITORY INSTITUTIONS BY FIRST-CLASS MAIL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 26, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **January 26, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 26, 2011** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**By Personal Delivery**
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Bin outside of Suite 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 26, 2011 | Myra Kulick | */s/ Myra Kulick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Craig A Wolfe on behalf of Debtor Contessa Premium Foods, Inc.
cwolfe@kelleydrye.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

**By Overnight Mail**
Office of the United States Trustee
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

**By Overnight Mail and Certified Mail**
Wells Fargo & Company
Attn: John G. Stumpf, Chairman & Chief Executive Officer
420 Montgomery Street
San Francisco, CA 94104

**By Overnight Mail and Certified Mail**
Wells Fargo Bank, N.A.
Attn: Kenneth Frye
28350 S Western Ave
Rancho Palos Verdes, CA 90275

**By Overnight Mail and Certified Mail**
Wells Fargo Bank, N.A.
Attn: Art Brokx
333 South Grand Avenue, Suite 940
Los Angeles, CA 90071