Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, New York 10178-0002
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: cwolfe@kelleydrye.com; sneeley@kelleydrye.com
Proposed Counsel for Debtor

Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com; jdulberg@pszjlaw.com
Proposed Local/Conflicts Counsel for Debtor

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

In re:

CONTESSA PREMIUM FOODS, INC.,[1]

Debtor.

Case No.: 2:11-bk-13454-PC

Chapter 11

**NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION PURSUANT TO LOCAL BANKRUPTCY RULE 2081-1 FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION UTILITY SERVICES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Declaration of Daniel Scouler Filed Concurrently Herewith]

**<u>Hearing</u>**
Date: TBD
Time: TBD
Place: Courtroom 1539
Edward R. Roybal Federal Bldg.
255 East Temple Street,
Los Angeles, CA 90012
Judge: Honorable Peter H. Carroll

[1] The Debtor is a California corporation, Fed. Tax I.D. No. 33-0020606. The Debtor's address is 222 West 6th Street, 8th Floor, San Pedro, California 90731.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR'S TWENTY-LARGEST UNSECURED CREDITORS, THE DEBTOR'S SECURED CREDITORS, THE UTILITY PROVIDERS LISTED ON *EXHIBIT A* HERETO, AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that Contessa Premium Foods, Inc., a California corporation (the "Debtor") hereby moves this Court on an emergency basis for entry of an order pursuant to Bankruptcy Code section 366: (1) finding that the provision of deposits by the Debtor to the utilities listed on Exhibit A[1] hereto (each, a "Utility" and collectively, the "Utilities") in an amount equal to the Debtor's average monthly invoice amount for services from such Utilities (the "Deposits") constitutes adequate assurance of payment under Bankruptcy Code section 366, subject to a Utility's right to seek modification of such proposed amount pursuant to the procedures set forth in the annexed Memorandum of Points and Authorities; and (2) otherwise prohibiting the Utilities from altering, refusing, and/or discontinuing postpetition utility services without further order of this Court (the "Motion").

In connection with its ongoing operations, the Debtor obtains electricity, telecommunication, water, waste removal and other utility services from approximately eighteen different utilities under thirty-three different accounts. If one or more of these Utilities were permitted to terminate services to the Debtor, such termination would at severely hinder, if not completely disable, the debtor's operations at this critical juncture. As a result, the relief requested in the Motion is absolutely necessary to and should be approved as soon as possible.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2081-1, this Motion may be heard on less than two days notice to the Court. The Debtor requests that the relief sought herein be granted on an emergency basis because uninterrupted utilities are essential to the Debtor's business, certainty as to the amount of the deposits provides the Debtor's business stability at this critical time, and section 366 of the Bankruptcy Code sets forth a short time frame

[1] The Debtor reserves the right to argue that any of the providers listed on Exhibit A hereto do not, in fact, constitute a "utility" within the meaning of Bankruptcy Code section 366.

for resolving disputes with utility companies. The Debtor respectfully requests that the Court set a hearing on this Motion at the same time as other first day motions to avoid disruption to the Debtor's operations.

**PLEASE TAKE FURTHER NOTICE** that the basis for the relief requested in this Motion is set forth in the annexed Memorandum of Points and Authorities. This Motion is supported by the concurrently filed *Declaration of Daniel Scouler in Support of Emergency First Day Motions* (the "Scouler Declaration"), the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that any opposition or objection to the Motion must be filed with the Court and served on proposed counsel for the Debtor at the above address any time before the hearing or may be presented at the hearing on the Motion at the time and place set forth in the Notice of Hearing on Emergency Motions that will be filed and served upon obtaining a hearing date for the Debtor's "First Day Motions". Your failure to timely object may be deemed by the Court to constitute consent to the relief requested herein.

**PLEASE TAKE FURTHER NOTICE** that the Debtor will serve this Notice and Motion and the attached Memorandum of Points and Authorities, and the Declaration, on: (1) the Office of the United States Trustee; (2) the creditors appearing on the list filed in accordance with Fed. R. Bankr. P. 1007(d) by the Debtor; (3) the prepetition lender; (4) parties that file with the Court and serve upon the Debtor requests for notice of all matters in accordance with Bankruptcy Rule 2002(i); and (5) the Utilities as reflected in **Exhibit A** hereto. To the extent necessary, the Debtor requests that the Court waive compliance with Local Bankruptcy Rule 9075-1(a)(5) and approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by overnight delivery. In the event that the Court grants the relief requested by the Motion, the Debtor shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs. The Debtor submits that such notice is sufficient and that no other or further notice be given.

**WHEREFORE**, based on this Motion, the annexed Memorandum of Points and Authorities, and the Scouler Declaration, the Debtor respectfully requests that this Court grant the

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

relief requested herein on an emergency basis and enter an order:

1. Finding that the provision of Deposits constitutes adequate assurance of payment, subject to a Utility's right to seek modification of such proposed amounts pursuant to the procedures set forth in the annexed Memorandum of Points and Authorities;

2. Prohibiting the Utilities from altering, refusing, and/or discontinuing postpetition utility services, except as set forth in accordance with the procedures set forth in the Memorandum of Points and Authorities; and

3. Granting to the Debtor such other relief as the Court deems necessary and appropriate.

Dated: January 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ *Jeffrey W. Dulberg* ____________________
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)

Proposed Local/Conflicts Counsel for Debtor

KELLEY DRYE & WARREN LLP

Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)

Proposed Counsel for Debtor

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. General Background

On January 26, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case (the "Case").

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

In 1984, John Z. Blazevich, the Debtor's President, Chief Executive Officer and largest shareholder, started the Debtor's business as a small shrimp importer in San Pedro, California where it remains headquartered today. In the 26 years the Debtor has been operating, Mr. Blazevich has grown the company through his personal relationships with suppliers and customers into a premium provider of farm raised shrimp, convenience meals, stir-fry vegetables, and other frozen food products that are marketed and/or sold primarily in the United States and to a lesser extent in Canada, Europe, Asia, and Mexico. The Debtor divides it business into two internal groups: Contessa Seafood, which includes its seafood items, and Contessa "Green Cuisine," which includes all other fruit, vegetable and complete meal blends. The primary raw material used in its seafood products is farm-raised shrimp, which are procured from Thailand, Vietnam and other parts of Southeast Asia. Vegetables, fruit, and other raw materials are procured from sources in Asia, Central America, Mexico, and the United States. The Debtor's products are found in the frozen food section of major retail supermarkets, U.S. armed forces commissaries and fine dining establishments.

After two profitable decades in business, the Debtor began an expansion program in 2005

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

by investing in a new manufacturing plant in the City of Commerce, California that would become the world's first environmentally-friendly frozen food processing center. The land, building and certain equipment are leased from third parties with certain other equipment being financed under a secured industrial development bond financing arrangement. Not long after the new plant started production in January 2008, the so-called Great Recession occurred, significantly reducing the sale of the Debtor's premium quality products as consumers turned to less expensive alternatives. Rather than increasing its sales through the increased capacity of the new plant, sales actually declined because of the contracting economy. For instance, in 2010, the Debtor had sales of approximately $154 million, down from its peak in 2007 of approximately $221 million. Unable to increase its sales sufficiently to support the additional debt service associated with the new plant, the Debtor commenced this chapter 11 proceeding with the goal of restructuring its business through a plan of reorganization intended to rationalize its balance sheet and right-size the Debtor's manufacturing facilities by focusing on its core business that remains profitable.

**C. <u>The Debtor's Utilities</u>**

In connection with its daily operations, the Debtor uses electricity, telecommunication, water, waste removal and other utility services from approximately eighteen utility companies through thirty-three different accounts with an average monthly aggregate cost of approximately $42,900. A complete list of the companies that provide these utility services (each, a "<u>Utility</u>" and collectively, the "<u>Utilities</u>") is annexed hereto as <u>Exhibit A</u>.

Uninterrupted utility services are essential to the Debtor's ongoing operations. Any interruption of such services could bring the Debtor's operations to a grinding halt and destroy a majority of the Debtor's inventory, which consist of frozen food that requires constant refrigeration. It is absolutely critical that the Debtor's utilities continue uninterrupted while the Debtor transitions into chapter 11.

## II.

## REQUESTED RELIEF

Bankruptcy Code section 366(b) states that utility companies "may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after [the petition date],

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date." 11 U.S.C. § 366(b). Bankruptcy Code section 366(c)(2) provides that a utility may alter, refuse, or discontinue service if, within 30 days following the petition date, such utility does not receive adequate assurance of payment that is satisfactory to the utility. 11 U.S.C. § 366(c)(2). Bankruptcy Code section 366(c)(1)(A) specifically lists cash deposits as a form of "assurance of payment." 11 U.S.C. § 366(c)(1)(A).

In order to provide the Utilities with adequate assurance of payment, the Debtor proposes to provide the following to each Utility.

1. In accordance with Bankruptcy Code section 366(c)(1)(A), within five (5) days of the Court's entry of an order approving the Motion (the "Utility Order"), the Debtor shall serve each Utility listed on Exhibit A with a copy of the Utility Order and a notice of the deposit amount (each, a "Deposit" and collectively, the "Deposits") that the Debtor proposes to provide such Utility on or before the 20th day of the case. The Deposit will be equal to the estimated monthly amount that the Debtor incurs for services from each Utility (the "Estimated Monthly Usage") based on the average monthly usage during the year prior to the filing of this case. If a Utility provides the Debtor with utility services under multiple accounts, the Debtor proposes to provide such Utility with one Deposit that equals the aggregate Estimated Monthly Usage under all of the Debtor's accounts with such Utility. The Debtor's usage estimates are based on an average of each Utility's invoiced over the past twelve months. Notwithstanding the foregoing, nothing in the Utility Order shall require the Debtor to actually furnish a Deposit to a Utility, and if the Debtor does not furnish such Deposit within the twenty-day period following the Petition Date, the Utility may alter, refuse or discontinue service.

2. In accordance with Bankruptcy Code section 366(c)(2), in the event that a Utility believes that the Deposit it is to received does not constitute adequate assurance of payment satisfactory to such Utility, the Utility will be required, within ten (10) days from the date of service of the Utility Order, to file with the Court and serve on the Debtor a specific request for additional adequate assurance (the "Additional Assurance Request"). The Additional Assurance Request must: (i) be in writing; (ii) set forth the location for which utility services are provided;

(iii) describe the reason(s) why the Deposit does not constitute satisfactory adequate assurance of payment to the Utility; (iv) include a proposal for what would constitute satisfactory adequate assurance of payment, along with the justifications therefor; and (v) be filed with the Court and served on the following parties: (a) the Debtor's proposed counsel, Kelley Drye & Warren LLP, Attn: Stacia A. Neeley, Esq., 101 Park Avenue, New York, NY 10178, facsimile: (212) 808-7897, and Pachulski Stang Ziehl & Jones LLP, Attn: Jeff W. Dulberg, Esq., 10100 Santa Monica Blvd., 11th Floor Los Angeles, CA 90067, Facsimile: (310) 201-0760; (b) the Debtor, Contessa Premium Foods, Inc., Attn: Gregory Morrow, 222 West 6th Street, San Pedro, California 90731, facsimile: (310) 201-0760; (c) counsel for the Debtor's prepetition secured lender, Paul Hastings, Attn: John F. Hilson, Esq., 515 South Flower Street, 25th Fl., Los Angeles, CA 90071, Facsimile: (213) 996-3300; and (d) the Office of the United States Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, CA 90017, Facsimile: (213) 894-2603. In the event a Utility does not file and serve an Additional Assurance Request in accordance with this paragraph, such Utility will be deemed to have received satisfactory adequate assurance of payment and will be prohibited from thereafter altering, refusing, or discontinuing service to the Debtor on such ground.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

3. In the event one or more Utilities submits an Additional Assurance Request, and the Debtor and the Utility are unable to consensually resolve the issue underlying the Additional Assurance Request, the Debtor will seek to schedule an expedited hearing (the "Adequate Assurance Hearing") to address such request(s) to be held on or prior to the 30th day following the Petition Date and serve notice of such Adequate Assurance Hearing on the relevant Utility. In the event that the Adequate Assurance Hearing cannot be held on or prior to the 30th day of this Case, the Debtor will obtain the next available hearing date to conduct the Adequate Assurance Hearing and the Utility shall be prohibited from altering, refusing, or discontinuing service to the Debtor prior to that time.

The Debtor submits that the proposed procedures adequately address the provisions of Bankruptcy Code section 366. Given the number of Utilities that provide services to the Debtor, the Debtor submits that it would be difficult to negotiate with each and every Utility regarding the appropriate "assurance of payment." Accordingly, the Motion requests a prompt determination

that delivery of the proposed Deposits to each Utility and implementation of the procedures set forth herein satisfies the requirements of Bankruptcy Code section 366.

Consequently, the Debtor seeks entry of an order, providing, among other things that:

a. Within five (5) days of the Court's entry of the Utility Order, the Debtor shall serve each Utility listed on Exhibit A with a copy of the Utility Order and a notice of the Deposit that the Debtor proposes to provide such Utility on or before the 20th day of the case; provided, however, that nothing in the Utility Order shall require the Debtor to furnish a Deposit to a particular Utility and if such Deposit is not delivered within the twenty-day period following the Petition Date, the Utility may alter, refuse, or discontinue service to the Debtor;

b. Each Utility shall have ten (10) days from the date of service of the Utility Order, to file with the Court and serve on the Debtor an Additional Assurance Request;

c. Utilities that do not timely and properly file and serve an Additional Assurance Request shall be deemed to have received satisfactory adequate assurance of payment in accordance with Bankruptcy Code section 366(c)(1)(A)(i);

d. An Adequate Assurance Hearing shall be held for all Utilities that timely and properly filed and served an Additional Assurance Request; and

e. Utilities are prohibited from altering, refusing, or discontinuing service to the Debtor unless and until, after an Adequate Assurance Hearing, the Court issues an order authorizing such action.

## III.

## ARGUMENT

### A. Adequate Assurance of Payment

Bankruptcy Code section 366 states that utility companies may not alter, refuse or discontinue service to a debtor during the first twenty (20) days of a bankruptcy case. Section 366 does, however, provide that after that initial twenty-day period, a utility may alter, refuse or discontinue service if the debtor has not, within that initial time period "furnishe[d] adequate assurance of payment, in the form of a deposit or other security." 11 U.S.C. § 366(b). Moreover, Bankruptcy Code section 366(c)(2) provides that a utility may alter, refuse, or discontinue service,

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

if within 30 days following the petition date, such utility has not received adequate assurance of payment that is satisfactory to the utility. 11 U.S.C. § 366(c)(2). Section 366 is therefore designed both to provide utility companies with adequate assurance that debtors will be able to pay for postpetition services and to protect debtors from utility service cutoffs. See H.R. Rep No. 95-595, at 350 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6306.

Bankruptcy Code section 366(c)(1)(A), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, now provides that "adequate assurance of payment. means (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee. See 11 U.S.C. 366(c)(1)(A). Accordingly, while the statute now specifies the *form* of assurance that will be deemed to be adequate, it leaves the question of the *amount* of assurance that must be provided squarely within this Court's discretion.

Leaving the determination as to the amount of assurance that a debtor will need to provide in the discretion of the Court conforms with pre-amendment case law, under which courts generally looked to the facts and circumstances of each case to ensure that utility companies were not subjected to an unreasonable risk of nonpayment for post-petition services. See, e.g., In re Keydata Corp., 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981). Courts construing section 366(b) of the Bankruptcy Code have long recognized that adequate assurance of payment does not constitute an absolute guaranty of the debtor's ability to pay. See, e.g., In re Caldor, Inc.-NY, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guaranty of payment.'") (internal citation omitted); In re Penn Jersey Corp., 72 B.R. 981, 982 (Bankr. E. D. Pa. 1987) (stating that section 366(b) "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances…"). In other words, the statute requires only that "the utility be protected from unreasonable risk of nonpayment." In re Keydata Corp., 12 B.R. at 158.

Further, courts have recognized that, in determining what constitutes adequate assurance, a bankruptcy court must "focus upon the need of the utility for assurance and. require that the debtor

supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." Virginia Elec. & Power Co. v. Caldor, Inc. -NY, 117 F.3d 646, 650 (2d. Cir. 1997) (quoting In re Penn Jersey Corp., 72 B.R. at 985).

**B. The Debtor's Proposed Deposits Constitute Adequate Assurance of Payment**

As set forth above, Bankruptcy Code section 366(c)(1) now provides that a cash deposit, (which is what the Debtor proposes in this case,) constitutes an acceptable form of adequate assurance of payment. The Debtor proposes to provide each Utility with a Deposit equal to the Debtor's Estimated Monthly Usage. Courts that have required a debtor to post a cash deposit for postpetition utility services have often demanded no more than the debtor's average monthly bill as a deposit, and have even required deposits as small as one-half of one month's worth of service. See, e.g., In re Best Products Co., 203 B.R. 51, 54 (Bankr. E.D. Va. 1996) (debtor required to provide "adequate assurance in the form of a deposit equal to one-half of the average monthly bill for each of the debtor's facilities serviced by the objecting utilities, as calculated from the monthly bills received by that facility over the last twelve months"); In re Coastal Dry Dock & Repair Corp., 62 B.R. 879, 883-84 (Bankr. E.D.N.Y. 1986) (despite debtor's substantial prepetition default, court concluded the amount of security deposit should bear a reasonable relationship to expected or anticipated utility consumption by a debtor and stated "[h]ere, we believe that a deposit in an amount equal to Coastal's estimated electric power consumption over the ensuing one month . . . provides BNYDC with adequate assurance of payment within the intent and meaning of 11 U.S.C. § 366(b)").

In the event that a Utility believes that the Deposit does not constitute adequate assurance of payment "satisfactory to that Utility," the Debtor has proposed reasonable procedures that will permit such Utility to submit an Additional Assurance Request. If the Debtor and the Utility are unable to consensually resolve the issue underlying the Additional Assurance Request, an Adequate Assurance Hearing will be held. These procedures clearly conform to amended Bankruptcy Code section 366. Accordingly, no Utility that receives a Deposit should be permitted to alter, refuse, or discontinue service to the Debtor absent further order from this Court determining that such Utility has not received adequate assurance of payment.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Without the procedures set forth herein, the Debtor may be forced to address multiple requests for adequate assurance in a haphazard manner during this critical stage of the case. The orderly process contemplated by the procedures set forth herein will avert such a potentially crippling outcome, enabling the Debtor to make a smooth transition into chapter 11 and continue operating uninterrupted, while ensuring a fair process for providing adequate assurance to the Utilities to the extent required, and in conformity with the Bankruptcy Code.

As set forth above, if the Utilities are permitted to terminate utility services outside the manner proposed herein, the Debtor's operations will be substantially disrupted to the detriment of the Debtor's estate and creditors. Therefore, it is critical that the Debtor's utility services continue uninterrupted.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief requested in the Motion on an emergency basis and enter an order:

1. Finding that the provision of Deposits constitutes adequate assurance of payment, subject to a Utility's right to seek modification of such proposed amounts pursuant to the procedures set forth herein;

2. Prohibiting the Utilities from altering, refusing, and/or discontinuing postpetition utility services as set forth herein; and

3. Granting to the Debtor such other relief as the Court deems necessary or appropriate.

Dated: January 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ *Jeffrey W. Dulberg*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)

Proposed Local/Conflicts Counsel for Debtor

KELLEY DRYE & WARREN LLP

Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)
Proposed Counsel for Debtor

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**EXHIBIT A**

| Vendor Name | Number of Accounts | Average Monthly Run-Rate | Type of Utility |
|---|---|---|---|
| 1800 Conference | 1 | $106 | Telecom |
| AT&T | 5 | $2,114 | Telecom |
| AT&T International Long Distance | 1 | $2,807 | Telecom |
| AT&T Long Distance | 1 | $221 | Telecom |
| AT&T Mobility | 5 | $536 | Telecom |
| AT&T-Universal Biller | 1 | $1,622 | Telecom |
| California Water Service Co. | 1 | $2,280 | Water |
| QOS Telesys | 1 | $2,925 | Telecom |
| Qwest | 1 | $5 | Telecom |
| Southern California Edison | 1 | $26,741 | Electric |
| Sprint | 2 | $782 | Telecom |
| Telepacific Comm #109340 | 1 | $1,348 | Telecom |
| Verizon | 3 | $221 | Telecom |
| Verizon California | 2 | $96 | Telecom |
| Verizon Communications | 1 | $191 | Telecom |
| Verizon Florida | 2 | $111 | Telecom |
| Verizon Wireless | 1 | $76 | Telecom |
| Waste Management | 1 | $742 | Waste Hauling |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document ***NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION PURSUANT TO LOCAL BANKRUPTCY RULE 2081-1 FOR ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION UTILITY SERVICES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 26, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **January 26, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 26, 2011** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**By Personal Delivery**
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Bin outside of Suite 1534
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 26, 2011 | Myra Kulick | */s/ Myra Kulick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (“NEF”)**

Jeffrey W Dulberg on behalf of Debtor Contessa Premium Foods, Inc.
jdulberg@pszjlaw.com

Scotta E McFarland on behalf of Debtor Contessa Premium Foods, Inc.
smcfarland@pszjlaw.com, smcfarland@pszjlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Craig A Wolfe on behalf of Debtor Contessa Premium Foods, Inc.
cwolfe@kelleydrye.com

**II. SERVED BY OVERNIGHT MAIL**

*Please see attached service list*

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**

*Please see attached service list*

# Contessa Premium Foods
# Utilities Service List

## By Overnight Mail

1800 CONFERENCE
PO BOX 8103
AURORA, IL 60507-8103

AT&T
PO BOX 8100
AURORA, IL 60507

AT&T
PAYMENT CENTER
SACRAMENTO, CA 95887-0001

AT&T
PO BOX 105262
ATLANTA, GA 30348-5262

AT&T
PO BOX 78225
PHOENIX, AZ 85062-8225

AT&T
PO BOX 5019
CAROL STREAM, IL 60197-5019

AT&T
PO BOX 13150
NEWARK, NJ 71015-5650

AT&T
BILL PAYMENT CENTER
SAGINAW, MI 48663-0003

AT&T
ONE AT&T WAY
BEDMINSTER, NJ 79210-0752

AT&T LONG DISTANCE
PO BOX 5017
CAROL STREAM, IL 60197-5017

AT&T MOBILITY
PO BOX 6463
CAROL STREAM, IL 60197-6463

AT&T MOBILITY
PO BOX 6463
CAROL STREAM, IL 60197-6463

AT&T-UNIVERSAL BILLER
PO BOX 5019
CAROL STREAM, IL 60197-5019

CALIFORNIA WATER SERVICE CO.
3316 WEST BEVERLY BLVD.
MONTEBELLO, CA 90640

QOS TELESYS
7035 ORANGETHORPE AVE
STE H
BUENA PARK, CA 90621

QWEST
PO BOX 91155
SEATTLE, WA 98111-9255

QWEST
PO BOX 173638
DENVER, CO 80217-3638

QWEST
PO BOX 29040
PHOENIX, AZ 85038-9040

SOUTHERN CALIFORNIA EDISON
1924 CASHDAN STREET
COMPTON, CA 90220

SOUTHERN CALIFORNIA EDISON
P.O. BOX 600
ROSEMEAD, CA 91771-0001

SPRINT
PO BOX 4181
CAROL STREAM, IL 60197-4181

SPRINT
PO BOX 219100
KANSAS CITY, MO 64121-9100

SPRINT
PO BOX 79357
CITY OF INDUSTRY, CA 91716-9357

TELEPACIFIC COMM
PO BOX 526015
SACRAMENTO, CA 95852-6015

VERIZON
PO BOX 660720
DALLAS, TX 75266-0720

VERIZON
PO BOX 4833
TRENTON, NJ 86504-4833

VERIZON
PO BOX 1100
ALBANY, NY 12250-0001

VERIZON
PO BOX 4830
TRENTON, NJ 86504-4830

VERIZON
PO BOX 1
WORCHESTER, MA 16540-0001

VERIZON CALIFORNIA
PO BOX 920041
DALLAS, TX 75392

VERIZON CALIFORNIA
PO BOX 9688
MISSION HILLS, CA 91346-9688

VERIZON COMMUNICATIONS
PO BOX 920041
DALLAS, TX 75392-0041

VERIZON FLORIDA
PO BOX 920041
DALLAS, TX 75392-0041

VERIZON ONLINE
PO BOX 12045
TRENTON, NJ 86502-2045

VERIZON WIRELESS
PO BOX 660108
DALLAS, TX 75266-0108

WASTE MANAGEMENT
COMPTON HAULING
PO BOX 78251
PHOENIX, AZ 85062-8251

**Contessa Premium Foods**
**Chapter 11 Case No. 2:11-bk-13454-PC**
**2002 Service List**

**United States Trustee**
Office of the United States Trustee
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
Tel: (213) 894-6811
Fax: (213) 894-2603
***Via Fax***

**Twenty Largest Unsecured Creditors**
General Electric Capital Corp.
Attn: Dale Shores, Global Restructuring Solutions
3 Capital Drive
Eden Praire, MN 55344
Tel: 952-828-2471
Fax: 866-648-5880
***Via Fax***

Yeenin Frozen Foods Co. Ltd.
Attn: Chin Jui Weng, General Director
Rasa Tower 16th Floor
555 Phaholyothin Road
Bangkok, Thailand
Tel: 011-662-2799819
Fax: 011-662-9370086
***Via Fax***

Dedeaux Properties, LLC
Attn: Robert Santich, President
1430 S. Eastman Ave.
Los Angeles, CA 90023-4006
Tel: 213-264-1020
Fax: 323-981-8234
***Via Fax***

Brucepac
Attn: Glen Golomski, CEO
811 North First Street
Silverton, OR 97381
Tel: 503-874-3022
Fax: 503-874-3015
***Via Fax***

Packaging Credit Company
Attn: Larry Bissonnette, General Manager Sales
900 Diehl Rd Ste 131
Naperville, IL 60563-2392
Tel: 323-881-5600
Fax: 323-881-5649
***Via Fax***

Pacific Southwest Container
Attn: Eric Gordon, Account Executive
4530 Leckron Road
Modesto, CA 95357
Tel: 209-526-0444 ext 916
Fax: 209-522-8746
***Via Fax***

Foodbuy, LLC for Compass
Attn: Manuel Silva, Vendor Relations Analyst
3954 Collections Center Dr.
Chicago, IL 60693
Tel: 678-256-8028
Fax: 678-256-8100
***Via Fax***

Haliburton International Corp.
Attn: Don Maderick, Vice President
2539 East Philadelphia St.
Ontario, CA 91761
Tel: 909-428-8520 ext 256
Fax: 909-428-8521
***Via Fax***

Winn Dixie
Attn: Diane Ruff, Collection Associate
Lockbox #230
Regions Bank
6149 Chancellor Dr. Suite 700
Orlando, FL 32809
Tel: 904-370-6073
Fax: 904-370-7218
***Via Fax***

Sargento Foods Inc.
Attn: Ray Wyandt, Director of Sales and Business Dev
One Persnickety Place
Plymouth, WI 53073
Tel: 866-676-9140 ext 215
Fax: 920-892-6536
***Via Fax***

Superior Foods International
Attn: Philip Mikulas, A/R Clerk
275 Westgate Drive
Watsonville, CA 95076
Tel: 800-445-9999
Fax: 831-728-1503
***Via Fax***

Sage V Foods, LLC
Attn: Pete Vegas, President
P0 Box 51915, Unit H
Los Angeles, CA 90051-6215
Tel: 310-820-4496
Fax: 310-820-2559
***Via Fax***

B&D Foods
3494 S. TK Ave.
Boise, ID 83705
Attn: Randi Lowe, Accounting
Tel: 208-344-1183
Fax: 208-514-3615
***Via Fax***

Fiore Di Pasta, Inc.
Attn: Anthony Primavera, Vice President
4776 E. Jensen Ave.
Fresno, CA 93725
Tel: 559-457-0431
Fax: 559-457-0164
***Via Fax***

CTI Food Holding Co, LLC
Attn: Noami Stell, Accounting
PO Box 915248
Dallas, TX 75391-5248
Tel: 208-482-4230
Fax: 626-633-1663
***Via Fax***

Smith Frozen Foods, Inc.
Attn: Kelly Brown, President
Unit 14
PO Box 4500
Portland, OR 97208-4500
Tel: 541-566-3515
Fax: 541-566-3707
***Via Fax***

The Nielsen Company
Attn: Myriah Shanks,
Assoc.Database Specialist
PO Box 88956
Chicago, IL 60695-8956
Tel: 415-228-2631
Fax: 408-730-4527
***Via Fax***

Noon International
Attn: Norlina Hui, Buyer
3840 Blackhawk Rd. Suite #100
Danville, CA 94506
Tel: 925-736-6696
Fax: 925-736-6177
***Via Fax***

JSL Foods, Inc.
Attn: Wayne Nielsen, Director Of Sales/Mkt
3550 Pasadena Avenue
Los Angles, CA 90031
Tel: 800-745-3236
Fax: 323-223-9882
***Via Fax***

Ahold Financial
Attn: Mike Schwartz, Vendor Relations Supervisor
3213 Paysphere Circle
Chicago, IL 60674
Tel: 717-960-1716
Fax: 717-960-1338
***Via Fax***

**Secured Lenders**

**Wells Fargo Bank, N.A.**
Art Brokx
SVP/Loan Team Manager
Tel: (213) 253-3247
Fax: (213) 253-5913
***Via Email**: brokxa@wellsfargo.com*

Beth Filipponi
VP/Principal
Tel: (213) 253-3684
Fax: (213) 253-5913
***Via Email**: Beth.Filipponi@wellsfargo.com*

Eric Rodriguez
Financial Analyst
Tel: (213) 253-3656
Fax: (213) 253-5913
***Via Email**: Eric.M.Rodriguez@wellsfargo.com*

David Rauch, Esq.
Senior Counsel
Tel: (213) 253-6569
Fax: (213) 626-4812
***Via Email**: David.S.Rauch@wellsfargo.com*

**Attorneys for Wells Fargo Bank**
Paul Hastings Janofsky & Walker
515 South Flower St., 25th Floor
Los Angeles, CA 90071
Tel.: (213) 683-6000
Fax: (213) 627-0705
***Via Fax***

John Francis Hilson, Esq.
Partner – Corporate Finance
Tel: 213-683-6300
Fax: 213-996-3300
***Via Email**: johnhilson@paulhastings.com*

Jesse H. Austin, III
Partner, Corporate Department
600 Peachtree Street, N.E.,
Twenty-Fourth Floor
Atlanta, GA 30308
United States of America
T 1(404) 815-2208
F 1(404) 685-5208
***Via Email**: jessaustin@paulhastings.com*

Cynthia Cohen, Esq.
Of Counsel – Corporate Finance
Tel: 213-683-6275
Fax: 213-996-3275
***Via Email**: cynthiacohen@paulhastings.com*

**General Electric Capital Corp.**
**Dale Shores, VP, Restructuring**
3 Capital Drive
Mail Station 1-3
Eden Prairie, MN 55344
Tel.: (952) 828-2471
Fax: (866) 648-5880
***Via Email**: dale.shores@ge.com*

**Counsel to GECC**

Harvey S. Schochet
Davis Wright Tremaine LLP
505 Montgomery Street, Ste 800
San Francisco, CA 94111
Tel: (415) 276-6507
Fax: (415) 276-6599
***Via Email**: harveyschochet@dwt.com*

Davis Wright Tremaine LLP
865 South Figueroa
Los Angeles, CA 90017
Tel: (213) 633-6891
Fax: (213) 633-6899
***Via Fax***

**Dedeaux Enterprises a/k/a DART Properties**
Robert Santich
Manager and EVP
1430 South Eastman Ave.
Los Angeles, California 90023
Tel.: (213)264-1020
Tel.: (213) 269-8587
Fax: (213) 262-0655
***Via Email: rsantich@dartentities.com***

Ashok Aggarwal
VP Finance
Tel.: (323) 981-8269
Fax: (323) 981-8234
***Via Email: aaggarwal@dartentities.com***

**Counsel to Dedeaux Enterprises (a/k/a DART)**

DLA Piper LLC
550 South Hope Street, Ste. 2300
Los Angeles, CA 90071
Tel.: (213) 330-4500
Fax: (213) 330-4501
***Via Fax***

John J. Duffy
Partner – Real Estate
Tel.: (213) 330-7725
Fax: (213) 330-7525
***Via Email***: *john.duffy@dlapiper.com*

**George B. South**
**Partner – Bankruptcy**
Ph.: (213) 335-4540
Fax: (917) 778-8540
***Via Email***: *george.south@dlapiper.com*

1251 Avenue of the Americas
New York, NY 10020
Ph.: (212) 330-7700
Fax: (212) 330-7701
***Via Fax***