Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, New York 10178-0002
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: cwolfe@kelleydrye.com; sneeley@kelleydrye.com
Proposed Counsel for Debtor

Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:jpomerantz@pszjlaw.com; jdulberg@pszjlaw.com
Proposed Local/Conflicts Counsel for Debtor

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CONTESSA PREMIUM FOODS, INC.,[1]<br><br>Debtor. | Case No.: 2:11-bk-13454-PC<br><br>Chapter 11<br><br>**NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION PURSUANT TO LOCAL BANKRUPTCY RULE 2081-1 FOR ORDER AUTHORIZING DEBTOR TO PAY PREPETITION CLAIMS OF LIEN CLAIMANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Daniel Scouler Filed Concurrently Herewith]<br><br>**Hearing**<br>Date: TBD<br>Time: TBD<br>Place: Courtroom 1539<br>Edward R. Roybal Federal Bldg.<br>255 East Temple Street,<br>Los Angeles, CA 90012<br>Judge: Peter H. Carroll |

1 The Debtor is a California corporation, Fed. Tax I.D. No. 33-0020606. The Debtor's address is 222 West 6th Street, 8th Floor, San Pedro, California 90731.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR'S TWENTY LARGEST UNSECURED CREDITORS, THE DEBTOR'S ALLEGED SECURED CREDITORS, AND PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that Contessa Premium Foods, Inc., a California corporation, the above-captioned debtor and debtor in possession (the "Debtor"), hereby moves this Court, on an emergency basis, for entry of an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtor to pay prepetition claims of warehousemen, transporters, and customs brokers that have possessory liens on the Debtor's goods, subject to an aggregate cap of $350,000.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion, the Notice of Emergency Motions that will be filed and served after obtaining a hearing date for the Debtor's "First Day Motions", the annexed Memorandum of Points and Authorities and, the *Declaration of Daniel Scouler in Support of Emergency First-Day Motions* (the "Scouler Declaration"), the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2081-1, this Motion may be heard on less than two court days' notice. The Debtor requests that the relief sought herein be granted on an emergency basis because the foregoing relief is necessary and appropriate to ensure as smooth a transition into chapter 11 as possible and to avoid the operational paralysis that would result if the Debtor's supply and distribution chain related to its frozen food products were disrupted by the assertion of possessory liens on the Debtor's raw materials and products. The Debtor respectfully requests that the Court schedule a hearing on this Motion at the same time as other emergency first day motions.

**PLEASE TAKE FURTHER NOTICE** that the Debtor will serve this Notice and Motion, the attached Memorandum of Points and Authorities, and the Scouler Declaration on (a) the Office of the United States Trustee, (b) the creditors appearing on the list filed in accordance with Fed. R. Bankr. P. 1007(d) by the Debtor unless and until an official committee of unsecured creditors (the

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

"Committee") is appointed, then in that event, to counsel of the Committee, (c) the prepetition lenders, and (d) parties that file with the Court and serve upon the Debtor requests for notice of all matters in accordance with Bankruptcy Rule 2002(i). To the extent necessary, the Debtor requests that the Court waive compliance with Local Bankruptcy Rule 9075-1(a)(5) and approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by overnight delivery. In the event that the Court grants the relief requested by the Motion, the Debtor shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs. The Debtor submits that such notice is sufficient and that no other or further notice be given.

**PLEASE TAKE FURTHER NOTICE** that any opposition or objection to the Motion must be filed with the Court and served on proposed counsel for the Debtor at the above address any time before the hearing or may be presented at the hearing on the Motion at the time and place set forth in the Notice of Hearing on Emergency Motions. Your failure to timely object may be deemed by the Court to constitute consent to the relief requested herein.

**WHEREFORE**, the Debtor respectfully requests that the Court grant this Motion and enter an order (i) authorizing the Debtor to pay prepetition claims of warehousemen, transporters, and customs brokers that have possessory liens on the Debtor's goods, subject to an aggregate cap of $350,000, and (ii) granting to the Debtor such other relief as the Court deems necessary and appropriate.

Dated: January 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ *Jeffrey W. Dulberg*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)

Proposed Local/Conflicts Counsel for Debtor

KELLEY DRYE & WARREN LLP

Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)

Proposed Counsel for Debtor

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code").

### B. General Background

On January 26, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case (the "Case").

In 1984, John Z. Blazevich, the Debtor's President, Chief Executive Officer and largest shareholder, started the Debtor's business as a small shrimp importer in San Pedro, California where it remains headquartered today. In the 26 years the Debtor has been operating, Mr. Blazevich has grown the company through his personal relationships with suppliers and customers into a premium provider of farm raised shrimp, convenience meals, stir-fry vegetables, and other frozen food products that are marketed and/or sold primarily in the United States and to a lesser extent in Canada, Europe, Asia, and Mexico. The Debtor divides it business into two internal groups: Contessa Seafood, which includes its seafood items, and Contessa "Green Cuisine," which includes all other fruit, vegetable and complete meal blends. The primary raw material used in its seafood products is farm-raised shrimp, which are procured from Thailand, Vietnam and other parts of Southeast Asia. Vegetables, fruit, and other raw materials are procured from sources in Asia, Central America, Mexico, and the United States. The Debtor's products are found in the frozen food section of major retail supermarkets, U.S. armed forces commissaries and fine dining establishments.

After two profitable decades in business, the Debtor began an expansion program in 2005 by investing in a new manufacturing plant in the City of Commerce, California that would become the

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

world's first environmentally-friendly frozen food processing center. The land, building and certain equipment are leased from third parties with certain other equipment being financed under a secured industrial development bond financing arrangement. Not long after the new plant started production in January 2008, the so-called Great Recession occurred, significantly reducing the sale of the Debtor's premium quality products as consumers turned to less expensive alternatives. Rather than increasing its sales through the increased capacity of the new plant, sales actually declined because of the contracting economy. For instance, in 2010, the Debtor had sales of approximately $154 million, down from its peak in 2007 of approximately $221 million. Unable to increase its sales sufficiently to support the additional debt service associated with the new plant, the Debtor commenced this chapter 11 proceeding with the goal of restructuring its business through a plan of reorganization intended to rationalize its balance sheet and right-size the Debtor's manufacturing facilities by focusing on its core business that remains profitable.

**C. Background Related to Lien Claimants**

As part of its supply and distribution chain related to its frozen food products, the Debtor imports raw materials and products through customs brokers ("Customs Brokers"). These goods are then transported to the Debtor's storage facilities and processing plant by certain trucking and transport companies (the "Transporters"). These goods are stored at cold storage warehouses operated by third-parties (the "Warehousemen"). The Debtor also processes finished food products and ships and stores them using Transporters and Warehousemen. If the Debtor fails to pay any Customs Broker, Transporter, or Warehouseman (collectively, the "Lien Claimants") for charges incurred in connection with the use, storage, or transport of the Debtor's goods (the "Products"), various statutes, tariffs and agreements permit the Lien Claimants to assert liens on the Products in their possession that are the subject of any delinquent charges.

## II.

## RELIEF REQUESTED

By the Motion, the Debtor requests entry of an order authorizing the Debtor to pay prepetition claims of warehousemen, transporters, and customs brokers that have possessory liens on the Debtor's goods, subject to an aggregate cap of $350,000. Payment of the foregoing shipping and

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

storage charges will avoid disruption in the Debtor's business and enable the Debtor to realize the value of the Products. While the Debtor believes that it is relatively current on its payments to the Lien Claimants, to the extent that additional amounts are found to be outstanding (most likely due to delayed invoicing or the timing of certain shipments), the Debtor must be able to pay such amounts to gain access to its Products. The majority of the Debtor's Products are frozen foods and therefore perishable unless stored at the correct temperatures. Any delay in the transport of such Products could result in their spoilage. In turn, the damage from any spoilage would greatly exceed the cost of paying the lien amount. As such, the Debtor proposes to pay such claims when, in the Debtor's business judgment, such creditors' exercise of their legitimate remedies would unduly disrupt the Debtor's business. Notably, the Debtor only seeks authority, not the direction, to make such payments. Further, the payments contemplated in this Motion are all contemplated in the Debtor's 13-week cash collateral budget and will thus not render the Debtor administratively insolvent.

## III.

## ARGUMENT

### A. Payment of Prepetition Claims of the Lien Claimants is in the Best Interest of the Debtor's Estate and Warranted Under the Doctrine of Necessity

The Court may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code. Section 105(a), which codifies the inherent equitable powers of the bankruptcy court, empowers a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Under section 105(a), courts may permit pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's business. See, e.g., In re Just for Feet, Inc., 242 B.R. 821, 824 (D. Del. 1999) (section 105 provides "a statutory basis for the payment of pre-petition claims"); In re NVR L.P., 147 B.R. 126 (Bankr. E.D. Va. 1992) ("[U]nder 11 U.S.C. § 105 the court can permit pre-plan payment of a prepetition obligation when it's essential to the continued operation of the debtor."); Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) (same). In some instances, courts have labeled their equitable power to satisfy prepetition claims under section 105(a) the "Necessity of Payment Doctrine." See e.g., Id., 98 B.R. at 175-76 (citing Miltenberger v.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Logansport, C. & S. W. R. Co., 106 U.S. 286 (1882) (articulating the legal theory later termed "doctrine of necessity" or "necessity of payment rule" and holding that payment of a pre-receivership claim prior to reorganization is permitted to prevent stoppage of crucial business relations); In re Lehigh & N.E. Ry. Co., 657 F.2d 570, 581 (3rd Cir. 1981) (interpreting "necessity of payment" doctrine to mean that "if payment of a claim which arose prior to reorganization is essential to the continued operation of the [business] during reorganization, payment may be authorized even if it is made out of corpus"); In re Boston and Me. Corp., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing existence of judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to a debtor's continued operation). Although the Ninth Circuit refused to extend the Necessity of Payment Doctrine beyond railroad reorganization cases in B&W Enterprises, Inc. v. Goodman Oil. Co., (In re B&W Enterprises, Inc.), 713 F.2d 534 (9th Cir. 1983),[2] subsequent Ninth Circuit decisions have acknowledged that payment of prepetition claims is appropriate in certain circumstances. For instance, in Burchinal v. Central Washington Bank (In re Adams Apple, Inc.), the Ninth Circuit acknowledged the importance of paying certain prepetition claims in a reorganization case, even when the claimants are provided an advantage over other creditors:

> [A] "fundamental tenet" – rehabilitation of debtors . . . may supersede the policy of equal treatment. Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts.

829 F.2d 1484, 1490 (9th Cir. 1987) (citation omitted); See also Weinstein, Eisen & Weiss, LLP v. Gill (In re Cooper Commons, LLC), 424 F.3d 963, 969 (9th Cir. 2005) (citing In re Adams Apple, Inc. for its rejection of the fundamental tenet of bankruptcy law that like creditors must always be treated alike).

---

[2] In re B&W Enters., Inc., where the debtor made unauthorized postpetition payments to trade suppliers on prepetition debts, is easily distinguishable because: (i) it involved ordinary trade debts and not obligations to customers, who, unlike vendors, do not generally expect to extend trade credit or take credit risk that vendors anticipate; (ii) the debtor did not seek prior court approval for the payments; and (iii) the case was in liquidation, thereby rendering the "necessity" of such payments moot. 713 F.2d at 535-36.

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Courts have also authorized payment of prepetition obligations under section 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so. See, e.g., In re Ionosphere Clubs, Inc., 98 B.R. at 175 (finding that a sound business justification existed to justify payment of certain claims); Armstrong World Inds., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.), 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on section 363 to allow contractor to pay prepetition claims); In re Tropical Sportswear Int'l Corp., 320 B.R. 15, 20 (Bankr. M.D. Fla. 2005) ("Bankruptcy courts recognize that section 363 is a source for authority to make critical vendor payments, and section 105 is used to fill in the blanks.").

These courts' approach to payment of prepetition claims is particularly appropriate where prepetition creditors — here, the Lien Claimants — provide vital services to a debtor that would be unavailable if the debtor did not satisfy its prepetition obligations. See In re Structurlite Plastics Corp., 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988) ("a bankruptcy court may exercise its equity powers under § 105(a) [of the Bankruptcy Code] to authorize payment of prepetition claims where such payment is necessary 'to permit the greatest likelihood of survival of the debtors and payment of creditors in full or at least proportionately'").

Paying Lien Claimants will benefit the Debtor's estate and its creditors by allowing the Debtor's business operations to continue without interruption. Under certain statutes, tariffs, and agreements between the parties, a Lien Claimant may have a lien on the goods in its possession that secures the charges or expenses incurred in connection with the storage and/or transport of the Products. The Lien Claimants may be unwilling to release the Products in their possession to which they may be entitled to liens, because releasing possession of the Products may convert their claims against the Debtor from secured to unsecured. Therefore, unless the Court authorizes the Debtor to pay the Lien Claimants, it is unlikely the Debtor will continue to have access to the Products in possession of the Lien Claimants. If the Lien Claimants possess lien rights or have the ability to exercise "self-help" remedies to secure payment of their claims, failure to satisfy the Lien Claimants' claims could have a material adverse effect that could have severe repercussions on the Debtor's operations to the detriment of the Debtor's creditors.

Paying the prepetition claims of the Lien Claimants will have no negative impact on

unsecured creditors. To the extent the Debtor does not pay the claims during this early stage of the Case, the claims will likely be paid in full as secured claims pursuant to any plan of reorganization proposed in this Case. In virtually all situations pertaining to the Debtor, the Lien Claimants would be grossly over secured by the value of Products in their possession. Thus, unsecured creditors will not be prejudiced by the relief requested in the Motion.

**B. Statutory Lien May Be Unavoidable**

The Debtors believes that various state laws, including the California Commercial Code, provide the Lien Claimants with a statutory liens against the Products in their possession which may be the subject of delinquent charges. To the extent not already perfected, such statutory liens may be perfected under section 362(b)(3) and 546(b) and thus exempt from avoidance under sections 545 or 547 of the Bankruptcy Code. Courts have granted similar relief with respect to the payment of pre-petition claims secured by possessory liens in other chapter 11 cases. See, e.g., In re Z Gallerie, 09-18400 (VZ) (Bankr. C.D. Cal. Apr. 10, 2009) [Docket No. 47]; In re Silicon Graphics, Inc., et al., Case No 06-10977 (BRL) (Bankr. S.D.N.Y. May, 10 2006) [Docket No. 46].

**C. Satisfaction of Bankruptcy Rule 6003 and Waiver of Bankruptcy Rule 6004**

Pursuant to Rule 6003(b) of the Federal Rules of Bankruptcy Procedure, “a motion to pay all or part of a claim that arose before the filing of the petition” shall not be granted by the Court within 20 days of the Petition Date “[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm . . . .” Fed. R. Bankr. P. 6003(b). To the extent any Debtor is required to pay any prepetition claim of a lien claimant, for the reasons set forth herein and in the Scouler Declaration, the Debtor submits that the requirements of Rule 6003 have been met. The relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate through the spoilage of the Products.

To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent these rules are applicable

**D. Reservation of Rights**

The Debtor reserves all rights and defenses with respect to the claims of the Lien Claimants

Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

or any other claims. Nothing in this Motion is an admission as to any particular possessory lien, and the Debtor seeks merely to exercise its discretion in determining which of the such claims ought to be paid in the ordinary course of the Debtor's business. Further, to the extent that any contract or agreement with any of the Lien Claimants is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, the Debtor does not at this time intend to assume such contract or agreement. As such, the Court's authorization of payment shall not be deemed to constitute postpetition assumption or adoption of such contract or agreement as an executory contract pursuant to section 365 of the Bankruptcy Code.

## IV.

## CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court grant the Motion and enter an Order authorizing the Debtor to pay prepetition claims of warehousemen, transporters, and customs brokers that have possessory liens on the Debtor's goods, subject to an aggregate cap of $350,000, and (ii) granting such other relief to the Debtor as the Court deems necessary and appropriate.

Dated: January 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By /s/ *Jeffrey W. Dulberg*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)

Proposed Local/Conflicts Counsel for Debtor

KELLEY DRYE & WARREN LLP

Craig A. Wolfe (CA Bar No. 200870)
Stacia A. Neeley (CA Bar No. 233157)

Proposed Counsel for Debtor

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document ***NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION PURSUANT TO LOCAL BANKRUPTCY RULE 2081-1 FOR ORDER AUTHORIZING DEBTOR TO PAY PREPETITION CLAIMS OF LIEN CLAIMANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 26, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **January 26, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 26, 2011** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**By Personal Delivery**
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Bin outside of Suite 1534
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 26, 2011 | Myra Kulick | */s/ Myra Kulick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Jeffrey W Dulberg on behalf of Debtor Contessa Premium Foods, Inc.
jdulberg@pszjlaw.com

Scotta E McFarland on behalf of Debtor Contessa Premium Foods, Inc.
smcfarland@pszjlaw.com, smcfarland@pszjlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Craig A Wolfe on behalf of Debtor Contessa Premium Foods, Inc.
cwolfe@kelleydrye.com

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**

*Please see attached service list*

**Contessa Premium Foods**
**Chapter 11 Case No. 2:11-bk-13454-PC**
**2002 Service List**

**United States Trustee**
Office of the United States Trustee
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
Tel: (213) 894-6811
Fax: (213) 894-2603
***Via Fax***

**Twenty Largest Unsecured Creditors**
General Electric Capital Corp.
Attn: Dale Shores, Global Restructuring Solutions
3 Capital Drive
Eden Praire, MN 55344
Tel: 952-828-2471
Fax: 866-648-5880
***Via Fax***

Yeenin Frozen Foods Co. Ltd.
Attn: Chin Jui Weng, General Director
Rasa Tower 16th Floor
555 Phaholyothin Road
Bangkok, Thailand
Tel: 011-662-2799819
Fax: 011-662-9370086
***Via Fax***

Dedeaux Properties, LLC
Attn: Robert Santich, President
1430 S. Eastman Ave.
Los Angeles, CA 90023-4006
Tel: 213-264-1020
Fax: 323-981-8234
***Via Fax***

Brucepac
Attn: Glen Golomski, CEO
811 North First Street
Silverton, OR 97381
Tel: 503-874-3022
Fax: 503-874-3015
***Via Fax***

Packaging Credit Company
Attn: Larry Bissonnette, General Manager Sales
900 Diehl Rd Ste 131
Naperville, IL 60563-2392
Tel: 323-881-5600
Fax: 323-881-5649
***Via Fax***

Pacific Southwest Container
Attn: Eric Gordon, Account Executive
4530 Leckron Road
Modesto, CA 95357
Tel: 209-526-0444 ext 916
Fax: 209-522-8746
***Via Fax***

Foodbuy, LLC for Compass
Attn: Manuel Silva, Vendor Relations Analyst
3954 Collections Center Dr.
Chicago, IL 60693
Tel: 678-256-8028
Fax: 678-256-8100
***Via Fax***

Haliburton International Corp.
Attn: Don Maderick, Vice President
2539 East Philadelphia St.
Ontario, CA 91761
Tel: 909-428-8520 ext 256
Fax: 909-428-8521
***Via Fax***

Winn Dixie
Attn: Diane Ruff, Collection Associate
Lockbox #230
Regions Bank
6149 Chancellor Dr. Suite 700
Orlando, FL 32809
Tel: 904-370-6073
Fax: 904-370-7218
***Via Fax***

Sargento Foods Inc.
Attn: Ray Wyandt, Director of Sales and Business Dev
One Persnickety Place
Plymouth, WI 53073
Tel: 866-676-9140 ext 215
Fax: 920-892-6536
***Via Fax***

Superior Foods International
Attn: Philip Mikulas, A/R Clerk
275 Westgate Drive
Watsonville, CA 95076
Tel: 800-445-9999
Fax: 831-728-1503
***Via Fax***

Sage V Foods, LLC
Attn: Pete Vegas, President
P0 Box 51915, Unit H
Los Angeles, CA 90051-6215
Tel: 310-820-4496
Fax: 310-820-2559
***Via Fax***

B&D Foods
3494 S. TK Ave.
Boise, ID 83705
Attn: Randi Lowe, Accounting
Tel: 208-344-1183
Fax: 208-514-3615
***Via Fax***

Fiore Di Pasta, Inc.
Attn: Anthony Primavera, Vice President
4776 E. Jensen Ave.
Fresno, CA 93725
Tel: 559-457-0431
Fax: 559-457-0164
***Via Fax***

CTI Food Holding Co, LLC
Attn: Noami Stell, Accounting
PO Box 915248
Dallas, TX 75391-5248
Tel: 208-482-4230
Fax: 626-633-1663
***Via Fax***

Smith Frozen Foods, Inc.
Attn: Kelly Brown, President
Unit 14
PO Box 4500
Portland, OR 97208-4500
Tel: 541-566-3515
Fax: 541-566-3707
***Via Fax***

The Nielsen Company
Attn: Myriah Shanks,
Assoc.Database Specialist
PO Box 88956
Chicago, IL 60695-8956
Tel: 415-228-2631
Fax: 408-730-4527
***Via Fax***

Noon International
Attn: Norlina Hui, Buyer
3840 Blackhawk Rd. Suite #100
Danville, CA 94506
Tel: 925-736-6696
Fax: 925-736-6177
***Via Fax***

JSL Foods, Inc.
Attn: Wayne Nielsen, Director Of Sales/Mkt
3550 Pasadena Avenue
Los Angles, CA 90031
Tel: 800-745-3236
Fax: 323-223-9882
***Via Fax***

Ahold Financial
Attn: Mike Schwartz, Vendor Relations Supervisor
3213 Paysphere Circle
Chicago, IL 60674
Tel: 717-960-1716
Fax: 717-960-1338
***Via Fax***

**<u>Secured Lenders</u>**

**Wells Fargo Bank, N.A.**
Art Brokx
SVP/Loan Team Manager
Tel: (213) 253-3247
Fax: (213) 253-5913
***Via Email**: brokxa@wellsfargo.com*

Beth Filipponi
VP/Principal
Tel: (213) 253-3684
Fax: (213) 253-5913
***Via Email**: Beth.Filipponi@wellsfargo.com*

Eric Rodriguez
Financial Analyst
Tel: (213) 253-3656
Fax: (213) 253-5913
***Via Email**: Eric.M.Rodriguez@wellsfargo.com*

David Rauch, Esq.
Senior Counsel
Tel: (213) 253-6569
Fax: (213) 626-4812
***Via Email**: David.S.Rauch@wellsfargo.com*

**<u>Attorneys for Wells Fargo Bank</u>**
Paul Hastings Janofsky & Walker
515 South Flower St., 25th Floor
Los Angeles, CA 90071
Tel.: (213) 683-6000
Fax: (213) 627-0705
***Via Fax***

John Francis Hilson, Esq.
Partner – Corporate Finance
Tel: 213-683-6300
Fax: 213-996-3300
***Via Email**: johnhilson@paulhastings.com*

Jesse H. Austin, III
Partner, Corporate Department
600 Peachtree Street, N.E.,
Twenty-Fourth Floor
Atlanta, GA 30308
United States of America
T 1(404) 815-2208
F 1(404) 685-5208
***Via Email**: jessaustin@paulhastings.com*

Cynthia Cohen, Esq.
Of Counsel – Corporate Finance
Tel: 213-683-6275
Fax: 213-996-3275
***Via Email**: cynthiacohen@paulhastings.com*

**General Electric Capital Corp.**
**Dale Shores, VP, Restructuring**
3 Capital Drive
Mail Station 1-3
Eden Prairie, MN 55344
Tel.: (952) 828-2471
Fax: (866) 648-5880
***Via Email**: dale.shores@ge.com*

**<u>Counsel to GECC</u>**

Harvey S. Schochet
Davis Wright Tremaine LLP
505 Montgomery Street, Ste 800
San Francisco, CA 94111
Tel: (415) 276-6507
Fax: (415) 276-6599
***Via Email**: harveyschochet@dwt.com*

Davis Wright Tremaine LLP
865 South Figueroa
Los Angeles, CA 90017
Tel: (213) 633-6891
Fax: (213) 633-6899
***Via Fax***

**<u>Dedeaux Enterprises a/k/a DART Properties</u>**
Robert Santich
Manager and EVP
1430 South Eastman Ave.
Los Angeles, California 90023
Tel.: (213)264-1020
Tel.: (213) 269-8587
Fax: (213) 262-0655
***Via Email: rsantich@dartentities.com***

Ashok Aggarwal
VP Finance
Tel.: (323) 981-8269
Fax: (323) 981-8234
***Via Email: aaggarwal@dartentities.com***

**Counsel to Dedeaux Enterprises (a/k/a DART)**

DLA Piper LLC
550 South Hope Street, Ste. 2300
Los Angeles, CA 90071
Tel.: (213) 330-4500
Fax: (213) 330-4501
***Via Fax***

John J. Duffy
Partner – Real Estate
Tel.: (213) 330-7725
Fax: (213) 330-7525
***Via Email***: *john.duffy@dlapiper.com*

**George B. South**
**Partner – Bankruptcy**
Ph.: (213) 335-4540
Fax: (917) 778-8540
***Via Email***: *george.south@dlapiper.com*

1251 Avenue of the Americas
New York, NY 10020
Ph.: (212) 330-7700
Fax: (212) 330-7701
***Via Fax***