Mette H. Kurth (SBN 187100)
Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:     213.629.7400
Facsimile:     213.629.7401
E-mail:     kurth.mette@arentfox.com
            ordubegian.aram@arentfox.com
            flahaut.douglas@arentfox.com

*Proposed* Attorneys for the Official Committee of
Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:11-bk-13454-PC |
| **CONTESSA PREMIUM FOODS, INC.** | Chapter 11 |
| Debtor. | **APPLICATION FOR ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC., AS FINANCIAL CONSULTANTS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF FEBRUARY 10, 2011; DECLARATION OF M. FREDDIE REISS IN SUPPORT THEREOF** |
| | *[No Hearing Required Unless Requested Pursuant to L.B.R. 2014-1(b)]* |

///

///

///

///

///

///

LA/416793.1

1   **TO THE HONORABLE PETER CARROLL, UNITED STATES BANKRUPTCY JUDGE,**

2   **THE DEBTOR, AND THE OFFICE OF THE UNITED STATES TRUSTEE, AND**

3   **OTHER PARTIES IN INTEREST:**

4           1.      The Official Committee of Unsecured Creditors (the "Committee" or "Applicant")

5   of Contessa Premium Foods, Inc. (the "Debtor") hereby applies to the Court for entry of an order

6   under section 327(a) of the Bankruptcy Code authorizing the employment and retention of the

7   consulting company of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents,

8   independent contractors and employees ("FTI"), as financial consultants to the Committee with

9   compensation that is at the expense of the Debtor's estate and in such amounts as this Court may

10  allow effective as of February 10, 2011(the "Application").  In support of this Application, and in

11  order to provide certain disclosures under Bankruptcy Code sections 504 and 1103(a), Federal

12  Rules of Bankruptcy Procedure 2014 and 5002, and Local Bankruptcy Rule 2014-1(b), the

13  Committee concurrently submits the Declaration of M. Freddie Reiss (the "Reiss Declaration")

14  which is annexed hereto as Exhibit "1" and respectfully represents as follows:

15  **I.**

16  **JURISDICTION AND VENUE**

17          2.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

18  1334(b).  Venue of these proceedings is proper in this judicial district pursuant to 28 U.S.C. §§

19  1408 and 1409.  Bankruptcy Code Sections 327, 328 and 1103(a) and (b) and Federal Rules of

20  Bankruptcy Procedure 2014, 2016, and 5002 are the statutory predicates for the relief sought by

21  this Application.

22  **II.**

23  **RELIEF REQUESTED**

24          3.      By this Application, the Committee seeks to employ FTI pursuant to sections 327

25  and 328 of the Bankruptcy Code to perform financial advisory services for the Committee in this

26  Chapter 11 case with compensation that is at the expense of the Debtor's estate and in such

27  amounts as this Court may allow.

28

### III.

### BASIS FOR RELIEF

4.      Bankruptcy Code sections 1103(a) and (b) authorize a Committee to employ professional persons that do not, while employed by such Committee, represent any other entity having an adverse interest in connection with the case.  Representation of one or more creditors of the same class as represented by the Committee does not *per se* constitute the representation of an adverse interest.[1]  Section 328(a) of the Bankruptcy Code allows a Committee to employ professional persons under Section 1103 "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a fixed or percentage fee basis, or on a contingent fee basis."[2]

5.      As required by Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, this Application sets forth:  (a) the specific facts showing the necessity for FTI's employment; (b) the reasons for the Committee's selection of FTI as its financial advisor in connection with the Debtor's Chapter 11 case; (c) the professional services to be provided by FTI; (d) the arrangement between the Committee and FTI with respect to FTI's compensation; and (e) to the best of the Committee's knowledge after due inquiry, the extent of FTI's connections, if any, to certain parties in interest in this matter.

### IV.

### STATEMENT OF FACTS

**A.      General Background.**

6.      On or about January 26, 2011 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition with this Court under Chapter 11 of the United States Bankruptcy Code.

7.      The Debtor continues to operate its business as debtor-in-possession.

8.      On February 8, 2011, the Office of the United States Trustee appointed five members to the Committee pursuant to Bankruptcy Code Sections 1102(a) and 1102(b). The Committee is comprised of B and D Foods (Timothy B. Andersen); BrucePac (Glen Golomski);

---

[1]    11 U.S.C. § 1103(b).

[2]    11 U.S.C. § 328(a).

1   Dedeaux Properties, LLC (Robert Santich and Ashok Aggarwal); Pacific Southwest Container

2   (James D. Mayol); and Sage V Foods, Inc. (Victor P. Vegas).

3          9.      Following its appointment on February 8, 2011, the Committee selected and

4   formally voted to employ Arent Fox as counsel and FTI as its financial consultant, subject to the

5   approval of the Court.

6   **B.      FTI's Qualifications.**

7          10.     The Committee has selected FTI as its financial consultant because the Committee

8   has familiarized itself with the professional standing and reputation of FTI.  Applicant is informed

9   that FTI is one of the nation's leading providers of corporate finance, restructuring, forensic

10  accounting, economic consulting and litigation support services.  FTI has over 1,200

11  professionals in 24 offices located across the U.S., Europe and Asia.  FTI's client list comprises a

12  large percentage of the Fortune 500 companies, as well as a majority of the largest 25 banks and

13  top 100 law firms in the world.

14         11.     The Committee understands and recognizes that FTI has a wealth of experience in

15  providing financial advisory services in restructurings and reorganizations and enjoys an excellent

16  national and international reputation for services it has rendered in large and complex chapter 11

17  cases on behalf of debtors, creditors, committees, acquirers, and trustees throughout the United

18  States.

19         12.     Specific to this matter, the Committee believes FTI provides the appropriate

20  financial support and expertise necessary for the Committee to efficiently and effectively evaluate

21  the Debtor's financial affairs throughout this Chapter 11 case.  The Committee believes that FTI's

22  depth of resources will allow FTI to perform its work most efficiently and economically using

23  appropriate staff levels while calling on the specific accounting, tax and litigation expertise of its

24  senior advisors where necessary and appropriate.

25         13.     Accordingly, the Committee believes that FTI is well qualified to represent it as

26  financial consultant in this Chapter 11 case.  A summary of the experience and qualifications of

27  the FTI consultants who are expected to render services to the Committee is attached to this

28  Application as Exhibit "2" ("Professional Biographies").

### C.    Scope of Services.

14.    The professional services FTI will be required to render include, but are not limited to, the following:

- Assist the Committee in its analysis of the Debtor's financial affairs and strategies, including preparation of financial forecasts, cash flow statements and other analysis that may be required in connection with the case;

- Assist the Committee in negotiations with the Debtor and its secured creditors related to bankruptcy issues;

- Assist the Committee with the evaluation of any asset sale or business disposition process and participate in any asset sale or disposition programs including testimony as may be required;

- Participate in the negotiation and resolution of bankruptcy related issues related to the reorganization of the Debtor;

- Assist in the preparation of analyses related to any disclosure statement, plan of reorganization and supporting documents and exhibits related thereto;

- Provide analysis and testimony on valuation issues related to the confirmation of a plan of reorganization;

- Provide analysis and testimony on applicable interest rates related to any financing the Debtor seeks to obtain during the pendency of the case or in connection with the Debtor's exit strategy;

- Provide other financial advisory or consulting services as requested by the Committee.

### D.    Compensation.

15.    Subject to this Court's approval, and in accordance with Bankruptcy Code Sections 327, 328 and 1103, the Committee wishes to employ FTI with compensation at the expense of the Debtor's estate on an hourly rate basis in accordance with its customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and to reimburse FTI for its actual, reasonable, and necessary out-of-pocket disbursements incurred in connection therewith.

16.     FTI has agreed, subject to Court approval, to provide services to the Committee without requiring a retainer. The principal consultants presently designated to represent the Committee are M. Freddie Reiss and Matthew Pakkala.  The hourly rates for those individuals are $895.00 and $730.00, respectively.  As an accommodation to the Committee in this case, FTI has agreed to a reduced rate charged of $595 for Mr. Pakkala, which courtesy reduction will be reflected in the fee applications submitted by FTI.  Other consultants and para-professionals may from time to time serve the Committee in connection with this case and FTI will utilize the services of lower billing rate individuals whenever possible.

17.     The following are FTI's customary hourly rates, as of January 1, 2011, which are subject to periodic adjustments, for work of this nature:

| | |
|---|---|
| Senior Managing Directors | $780-$895 |
| Directors/Managing Directors | $560-$745 |
| Consultants/Senior Consultants | $280-$530 |
| Administration/Paraprofessionals | $115-$230 |

18.     In addition to FTI's professional fees, its billing statements will include charges for reasonable and necessary third party and staff services employed in the course of its representation of the Committee, as well as direct costs and expenses incurred that are billed separately and include such items as chargeable telephone, copying, overnight or other delivery, travel and related expenses.

19.     FTI will charge the Committee for these expenses in a manner and at a rate that is consistent with charges generally made to FTI's other clients and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.   Compensation will be payable to FTI in compliance with the above rules, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by FTI.

20.     FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

6

21.    FTI is not owed any amounts with respect to pre-petition fees and expenses and did not receive a retainer with respect to its representation of the Committee.

## V.

## CONNECTIONS WITH THE DEBTOR AND OTHER PARTIES

22.    To the best of the Committee's knowledge and belief, and except as otherwise set forth in the accompanying Reiss Declaration and Exhibits thereto, the Committee believes that the FTI and its respective consultants are "disinterested" as that term is defined in Bankruptcy Code Section 101(14) (as modified by Section 1103(b) if the Bankruptcy Code), have no connection with and no interests adverse to the Committee, the Debtor, the Debtor's creditors, the estate, or any other party-in-interest herein or their respective professionals in matters relating to the Debtor and the Debtor's estate, and has no relation to any judge of the United States Bankruptcy Court, Central District of California, Los Angeles Division, the U.S Trustee, or any person employed in the Office of the United States Trustee.

23.    The Committee proposes to retain FTI subject to that certain conflict check dated as of February 14, 2011, a true and correct copy of which is attached as Exhibit "A" to the Reiss Declaration ("Conflict Check").  The Committee further proposes to retain FTI subject to that certain connections report dated as of February 14, 2011, a true and correct copy of which is attached as Exhibit "B" to the Reiss Declaration ("Connections Report").

24.    The Connections Report discloses that FTI did have a previous engagement with Contessa in which FTI provided specific expert testimony in a litigation matter.   The individual who served as the testifier was part of a different consulting practice within FTI, was not located in the Los Angeles office and is no longer employed by FTI.   This engagement terminated in 2008 and FTI has not retained information or work product related to Contessa. In addition, Messrs. Reiss, Pakkala and any of the other FTI professionals who may work on this engagement do not have access to any information or work product (to the extent it even still exists) from this prior litigation matter. *See* Reiss Declaration.

1

2      25.     The Connections Report also discloses that FTI, in the course of its operations, has

3   worked for or against the additional entities listed as "relationships in Unrelated Matters"

4   contained in Exhibit B.  Such work was unrelated to this Chapter 11 case and may have included

5   recurring or non-recurring consulting engagements.  FTI Consulting may perform similar services

6   in the future.  The entities may include the parent companies and/or their subsidiaries, which are

7   also interested parties in this case.  FTI and the Committee believe that these engagements do not

8   cause a violation of the "disinterested person" requirement, as such term is defined in section

9   101(14) of the Bankruptcy Code, as modified by section 327(b) of the Bankruptcy Code, because

10  these engagements are wholly unrelated to this chapter 11 case.

11     26.     FTI will conduct an ongoing review of its files to ensure that no conflicts or other

12  disqualifying circumstances exist or arise.  If any new material facts or relationships are

13  discovered, FTI will supplement its disclosure to the Court.

**VI.**

**NOTICE AND NO PRIOR APPLICATION**

16     27.     Notice of this Application has been provided to: (a) the Office of the United

17  States Trustee, (b) counsel to the Debtor, (c) Wells Fargo Bank Northwest, N.A., and (d) all

18  other persons who requested notice pursuant to Bankruptcy Rule 2002.  The Committee

19  respectfully represents that such notice is sufficient, and requests that this Court find that no

20  further notice of the relief requested herein is necessary or appropriate.

21     28.     No prior application has been made for the relief requested herein to this or any

22  other Court.

23

24

25

26

27

28

1

2      **WHEREFORE**, the Committee respectfully requests that this Court: (a) approve the

3  employment of FTI Consulting, Inc. as Financial Consultants to the Committee effective as of

4  February 10, 2011 as set forth in this Application, and (b) grant to the Committee such other

5  and further relief as is just and proper.

6  Dated:  March 9, 2011

7

8                                        _____

9                                      Glen Golomski

10                                     BRUCEPAC
                                        Chairman of the Official Committee of
                                        Unsecured Creditors

11

12  Submitted by:

13  */s/ Mette H. Kurth*
    Mette H. Kurth

14  ARENT FOX LLP
    *Proposed* Attorneys for the Official Committee

15  of Unsecured Creditors

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Mette H. Kurth (SBN 187100)
Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone:     213.629.7400
Facsimile:     213.629.7401
E-mail:     kurth.mette@arentfox.com
             ordubegian.aram@arentfox.com
             flahaut.douglas@arentfox.com

*Proposed* Attorneys for the Official Committee of
Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**CONTESSA PREMIUM FOODS, INC.**<br><br>Debtor. | Case No.: 2:11-bk-13454-PC<br><br>Chapter 11<br><br>**DECLARATION OF M. FREDDIE REISS IN SUPPORT OF APPLICATION FOR ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC., AS FINANCIAL CONSULTANTS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF FEBRUARY 10, 2011.**<br><br>[No Hearing Requested] |

I, M. Freddie Reiss, declare that:

1.      I am a Senior Managing Director in the Corporate Finance department of FTI Consulting, Inc. ("FTI" or the "Professional"), one of the nation's leading providers of corporate finance, restructuring, forensic accounting, economic consulting and litigation support services. FTI has offices at 633 W. Fifth Street in Los Angeles, California, where I am resident, plus 23 other offices located across the U.S., Europe and Asia.

2.      I am fully familiar with the facts hereinafter stated, and I am authorized to and hereby make this declaration (the "Declaration") on behalf of FTI. The information contained in this Declaration is based on my own personal knowledge, conversations with FTI directors, consultants, associates, or staff, or derived from my review of the file in this case or other public filings or documents.

3.      I submit this Declaration in support of the accompanying application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") for Contessa Premium Foods, Inc. (the "Debtor") for an order authorizing the employment and retention of FTI as financial consultant to the Committee effective as of February 10, 2011, and in order to provide certain disclosures under Bankruptcy Code Sections 504 and 1103(a) and Federal Rules of Bankruptcy Procedure 2014 and 5002.

4.      The services to be rendered by FTI in this case are:

- Assist the Committee in its analysis of the Debtor's financial affairs and strategies, including preparation of financial forecasts, cash flow statements and other analysis that may be required in connection with the case;

- Assist the Committee in negotiations with the Debtor and its secured creditors related to bankruptcy issues;

- Assist the Committee with the evaluation of any asset sale or business disposition process and participate in any asset sale or disposition programs including testimony as may be required;

- Participate in the negotiation and resolution of bankruptcy related issues related to the reorganization of the Debtor;

11

1        •    Assist in the preparation of analyses related to any disclosure statement,

2 plan of reorganization and supporting documents and exhibits related thereto;

3        •    Provide analysis and testimony on valuation issues related to the

4 confirmation of a plan of reorganization;

5        •    Provide analysis and testimony on applicable interest rates related to any

6 financing the Debtor seeks to obtain during the pendency of the case or in

7 connection with the Debtor's exit strategy;

8        •    Provide other financial advisory or consulting services as requested by the

9 Committee.

10     5.     FTI's proposed compensation and reimbursement will be at the expense of the

11 Debtor's estate on an hourly rate basis in accordance with its customary hourly rates for services

12 of this type and nature and for this type of matter in effect on the date such services are rendered

13 and to reimburse FTI for its actual, reasonable, and necessary out-of-pocket disbursements

14 incurred in connection therewith.

15     6.     FTI has agreed, subject to Court approval, to provide services to the Committee

16 without requiring a retainer. The principal consultants presently designated to represent the

17 Committee are M. Freddie Reiss and Matthew Pakkala.  The hourly rates for those individuals are

18 $895.00 and $730.00, respectively.  As an accommodation to the Committee in this case, FTI has

19 agreed to a reduced rate charged of $595 for Mr. Pakkala, which courtesy reduction will be reflected in the

20 fee applications submitted by FTI.  Other consultants and para-professionals may from time to time

21 serve the Committee in connection with this case and FTI will utilize the services of lower billing

22 rate individuals whenever possible.

23     7.     Prior to submitting this Declaration, on February 14, 2011, I performed a conflict

24 check and reviewed the petition, schedules, and list of creditors and, based upon the information

25 available to me, and except as otherwise described herein, FTI holds no interest adverse to the

26 Committee, the Debtor, the Debtor's estate, or its creditors as to the matters in which it is to be

27 employed other than the representation of the Committee.  I believe that FTI is a "disinterested

28 person" as defined in Bankruptcy Code Section 101(14).  I know of no reason why FTI cannot act

1    as financial consultant for the Committee.  The foregoing constitutes the statement of FTI

2    pursuant to Bankruptcy Code Section 1103, Federal Bankruptcy Rule 2014, and Local

3    Bankruptcy Rule 2014–1.

4        8.    A true and correct copy of the list of parties and entities that I considered when

5    making this determination is attached hereto as Exhibit "A" ("Conflict Report").

6        9.    FTI is not and was not a creditor, equity interest holder or insider of the Debtor.

7    FTI is not and was not an investment banker for any outstanding security of the debtor, nor has

8    FTI been, within three (3) years before the date of the filing of the petition herein, an investment

9    banker for a security of the debtor, or an attorney for such an investment banker in connection

10   with the offer, sale or issuance of any security of the debtor.  FTI is not and was not, within two

11   (2) years before the date of the filing of the petition herein, a director, officer or employee of the

12   debtor or of any investment banker for any security of the debtor.

13       10.    I also considered whether FTI has any known connections to the debtor, principals

14   of the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their

15   respective attorneys and accountants, or any person employed in the Office of the United States

16   Trustee.  A true and correct copy of the results of my connections inquiry dated as of February

17   14, 2011 is attached hereto as Exhibit "B" ("Connections Report").

18       11.    The Connections Report discloses that FTI did have a previous engagement with Contessa

19   in which FTI provided specific expert testimony in a litigation matter.  The individual who served as the

20   testifier was part of a different consulting practice within FTI, was not located in the Los Angeles office

21   and is no longer employed by FTI.  This engagement terminated in 2008 and FTI has not retained

22   information or work product related to Contessa. In addition, Messrs. Reiss, Pakkala and any of the other

23   FTI professionals who may work on this engagement do not have access to any information or work

24   product (to the extent it even still exists) from this prior litigation matter.

25       12.    The Connections Report also discloses that FTI, in the course of its operations, has

26   worked for or against the additional entities listed as "relationships in Unrelated Matters"

27   contained in Exhibit B.  Such work was unrelated to this chapter 11 case and may have included

28   recurring or non-recurring consulting engagements.  FTI Consulting may perform similar services

13

1  in the future.  The entities may include the parent companies and/or their subsidiaries, which are

2  also interested parties in this case.  FTI believes, however, that these engagements do not cause a

3  violation of the "disinterested person" requirement, as such term is defined in section 101(14) of

4  the Bankruptcy Code, as modified by section 327(b) of the Bankruptcy Code, because these

5  engagements are wholly unrelated to this chapter 11 case.

6         13.    FTI will conduct an ongoing review of its files to ensure that no conflicts or other

7  disqualifying circumstances exist or arise.  If any new material facts or relationships are

8  discovered, FTI will supplement its disclosure to the Court.

9         14.    After conducting or supervising the investigation described above, I declare under

10  penalty of perjury under the laws of the United States of America, that the foregoing is true and

11  correct except that I declare that Paragraphs 7 through 13 are stated on information and belief.

12

13  Executed on the ___8___ th day of March, 2011, at Los Angeles, California.

14

15

16  M. Freddie Reiss

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

EXHIBIT A

FTI Consulting has performed a relationship search of its database against the following entities:

Debtor
Contessa Premium Foods, Inc.

Debtor's Counsel
Pachulski Stang Ziehl & Jones
Kelley Drye Warren

Equity Security Holders
John Z. Blazevich
Donald Kanner
Louis S. Wang
Donald Steier

Secured Creditor
Wells Fargo

Secured Creditor's Counsel
Paul Hastings

Unsecured Creditors
General Electric Capital Corp.
Yeenin Frozen Foods Co., Ltd.
Dedeaux Properties LLS
Brucepac
Packaging Credit Company
Pacific Southwest Container
Foodbuy, LLC for Compass
Haliburton International corp.
Winn Dixie
Sargento Foods Inc.
Superior Foods International
Sage V Foods, LLC
B&D Foods
Fiore Di Pasta, Inc.
CTI Food Holding Co, LLC
Smith Frozen Foods, Inc.
The Nielsen Company
Noon International
JSL Foods, Inc.
Ahold Financial

Unsecured Creditors' Committee Counsel
Arent Fox

# EXHIBIT B

<u>EXHIBIT B</u>

Parties-in-interest for court disclosure:

<u>Relationships in Matters Related to These Proceedings</u>

| | |
|---|---|
| Contessa Premium Foods, Inc. | Expert testimony engagement which terminated in 2008. Not related to current matter. |

<u>Relationships in Unrelated Matters</u>

Pachulski Stang Ziehl & Jones
Kelley Drye Warren
Wells Fargo
Paul Hastings
General Electric Capital Corp.
Packaging Credit Company
Winn Dixie
Sargento Foods Inc.
The Nielsen Company
Arent Fox

# EXHIBIT 2

# Select Resumes



**M. Freddie Reiss**
**Senior Managing Director**

633 West 5th Street
Suite 1600
Los Angeles, CA 90071

Tel: (213) 452-6001
Fax: (213) 452-6099

freddie.reiss@fticonsulting.com

Mr. Freddie Reiss is a senior managing director in the FTI Corporate Finance practice and national leader of the company-side practice, and is based in Los Angeles. Mr. Reiss has 30 years of experience in strategic planning; cash management; liquidation analysis; covenant negotiations; forensic accounting and valuation. He specializes in advising on bankruptcies, reorganizations and business restructurings and in providing expert witness testimony for underperforming companies. He has also acted as interim management, a fiduciary and chief restructuring officer and trustee.

Mr. Reiss' industry experience includes real estate; manufacturing; healthcare; entertainment; retail; financial services; municipalities; natural resources and energy; and nonprofit and government services. He has provided expert testimony on insolvency; fraudulent transfers; cash collateral; debtor-in-possession lending claims; damages matters; plans of reorganization; substantive consolidation and valuation issues.

Mr. Reiss has advised on more than 100 bankruptcy-related matters. Some of his most notable engagements include PG&E; America West; K-Mart; Circle K; Daewoo Motors America; Orange County Investors' Pool and Executive Life; Refco and Iridium. He has also advised on multiple out-of-court restructurings for corporations, such as Euro Disney; Musicland; K-Mart; Syncora; Tower Records and Edwards Theatres. His merger and acquisition transaction advisories include Edwards Theatres and Resort Theaters.

Prior to joining FTI Consulting, Mr. Reiss was a partner and west region leader at PricewaterhouseCoopers, where he co-founded the Business Restructuring Services practice.

Mr. Reiss is a recognized expert in the field of financial restructuring. He has given presentations and speeches on various topics for 20 years as well as authored articles and chapters in financial publications. His most recent topics include "Workout Strategies for CRE Problem Loans", "Why Law Firms Fail", "U.S. Economic Overview, Corporate Credit Markets Update and Commercial Real Estate Sector Trends", "Where Are the Future Insolvencies? Perspectives on the State of the Restructuring Industry for the New Millennium" and "Perspectives on the State of the Restructuring Industry – A New Millennium." He co-authored the American Institute of Certified Public Accountants' Bankruptcy Guide. He authored a chapter entitled "Asian Markets" in *Workouts & Turnarounds II*, Jon Wiley & Sons, 1999 and has been a panelist and moderator at conferences and symposiums across the United States.

Mr. Reiss holds an M.B.A. from City University of New York's Baruch College and a B.B.A. from City College of New York's Bernard Baruch School of Business. He is a certified public accountant in New York and California, a certified insolvency and restructuring advisor and a certified turnaround professional.



# Proposed Engagement Team | Matthew Pakkala

**Matthew Pakkala**
Managing Director

633 West 5th Street, 16th Floor
Los Angeles, CA 90071
Tel: (213) 452-6008
matthew.pakkala@fticonsulting.com

- Matthew Pakkala is a managing director in FTI's Corporate Finance practice and is based in Los Angeles. Mr. Pakkala has spent 14 years advising clients with financial restructurings, asset sales, mergers, acquisitions, debt refinancing, liquidations, strategic planning and business valuation. Mr. Pakkala has served as Chief Restructuring Officer (CRO), and Trustee in bankruptcy cases and as has been appointed as the "Responsible Party" in state court matters.

- Mr. Pakkala has specific and detailed experience advising creditor committees, companies and other creditors in a variety of industries including retail, consumer products, healthcare and general manufacturing. His responsibilities advising creditor committees have included the review and negotiation of debtor-in-possession financing facilities; the review of business plans and financial projections, including operating cash flow forecasts; the evaluation, negotiation and implementation of §363 asset sales, including the sale of key business assets and operating companies; and the analysis of creditors' claims and projected recoveries under various operating and restructuring scenarios.

- A representative list of recent bankruptcies that are part of Mr. Pakkala's extensive bankruptcy and committee advisory experience include Shoe Pavilion; Bodies in Motion; Window Rock Enterprises (Cortislim); U.S. Airways; Metabolife; Leiner Products; Meruelo Maddux Properties; Westcliff Medical Laboratories; Valley Health System; EM Solutions; Downey Regional Medical Center; UHP Health Plans; Tenet; Tower Health; MedPartners and Maxicare.

- Mr. Pakkala has also advised creditors in successful out-of-court restructurings involving more than $4B in debt.

- Prior to joining FTI, Mr. Pakkala was a director in the restructuring group of PricewaterhouseCoopers. Prior to PwC, he was a staff attorney in the bankruptcy court for the Central District of California.

- Mr. Pakkala holds an M.B.A. in finance from the University of California, Los Angeles, a J.D. from Loyola Law School and a B.A. in economics from University of California, San Diego. Mr. Pakkala is a Certified Insolvency and Restructuring Advisor.



CRITICAL THINKING
AT THE CRITICAL TIME™

CONTESSA.

50



FTI™
CONSULTING

| | |
|---|---|
| In re: CONTESSA PREMIUM FOODS, INC.<br><br>Debtor. | CHAPTER  11<br><br>CASE NUMBER 2:11-bk-13454-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013.

A true and correct copy of the foregoing document described as **APPLICATION FOR ORDER UNDER SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC., AS FINANCIAL CONSULTANTS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF FEBRUARY 10, 2011; DECLARATION OF M. FREDDIE REISS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 10, 2011** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On **March 10, 2011**  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 10, 2011 | Adriane Lark Madkin | _/s/ Adriane Lark Madkin_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                              **F 9013-3.1**

| In re: CONTESSA PREMIUM FOODS, INC. | CHAPTER 11 |
|---|---|
| Debtor. | CASE NUMBER 2:11-bk-13454-PC |

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Jeffrey W Dulberg on behalf of Debtor Contessa Premium Foods Inc
jdulberg@pszjlaw.com

Jeffrey B Gardner on behalf of Creditor Haliburton International Foods, Inc.
Jeff.Gardner@sbgk.com, mary.do@sbgk.com

Richard H Golubow on behalf of Creditor Louis Wang
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

Jeffrey S Goodfried on behalf of Creditor Dickinson Frozen Foods, Inc.
jgoodfried@perkinscoie.com

Peter L Isola on behalf of Creditor Farm Credit Services of Mid-America
peterisola@dwt.com

John H Kim on behalf of Interested Party Courtesy NEF
jkim@cookseylaw.com

Nicole S Magaline on behalf of Interested Party U.S. Foodservice, Inc.
nmagaline@schiffhardin.com

Scotta E McFarland on behalf of Debtor Contessa Premium Foods Inc
smcfarland@pszjlaw.com, smcfarland@pszjlaw.com

Frank F McGinn on behalf of Interested Party Courtesy NEF
ffm@bostonbusinesslaw.com

Lawrence H Meuers on behalf of Creditor Agroindustria Legumex, S.A.
lmeuers@meuerslawfirm.com,
sdefalco@meuerslawfirm.com;nbucciarelli@meuerslawfirm.com;lcastle@meuerslawfirm.com

Bertrand Pan on behalf of Creditor Dedeaux Properties, LLC
bertrand.pan@dlapiper.com

Jeffrey N Pomerantz on behalf of Interested Party Courtesy NEF
jpomerantz@pszjlaw.com

Kurt Ramlo on behalf of Interested Party Courtesy NEF
kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com

Katherine A Traxler on behalf of Creditor Wells Fargo Bank, N.A. and Wells Fargo Bank Northwest, N.A.
katietraxler@paulhastings.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                          F 9021-1.1

| In re: CONTESSA PREMIUM FOODS, INC. | CHAPTER 11 |
|---|---|
| Debtor. | CASE NUMBER 2:11-bk-13454-PC |

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Joseph M VanLeuven on behalf of Interested Party Courtesy NEF
joevanleuven@dwt.com

Elizabeth Weller on behalf of Creditor Tarrant County
dallas.bankruptcy@publicans.com

Marc J Winthrop on behalf of Creditor Louis Wang
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

Craig A Wolfe on behalf of Debtor Contessa Premium Foods Inc
kdwbankruptcydepartment@kelleydrye.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                        F 9021-1.1

| In re: CONTESSA PREMIUM FOODS, INC. | CHAPTER  11 |
| | |
| Debtor. | CASE NUMBER  2:11-bk-13454-PC |

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

### Via First Class U.S. Mail

### Judge

Honorable Peter Carroll
United States Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

### Debtor

Contessa Premium Foods, Inc.
222 West 6th Street
8th Floor
San Pedro, CA  90731

Jeffrey Michael Goldman
Pepper Hamilton LLP
4 Park Plaza, Suite 1200
Irvine, CA 92614

David M. Gilmore, Esq.
Marcus D. Magness, Esq.
Tracie L. Goodwin, Esq.
Gilmore, Wood, Vinnard & Magness
P.O. Box 28907
Fresno, CA  93729-8907

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9021-1.1**