| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Mette H. Kurth (SBN 187100)<br>Aram Ordubegian (SBN 185142)<br>M. Douglas Flahaut (SBN 245558)<br>Katie A. Lane (Admitted *Pro Hac Vice*)<br>ARENT FOX LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA 90013-1065<br>Telephone: (213) 629-7400<br>Facsimile:  (213) 629-7401<br>E-mail:    kurth.mette@arentfox.com<br>            ordubegian.aram@arentfox.com<br>            flahaut.douglas@arentfox.com<br>            lane.katie@arentfox.com<br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without an attorney* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br>CONTESSA PREMIUM FOODS, INC.<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:11-bk-13454-PC<br>CHAPTER: 11<br><br>**DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)**<br><br>No hearing held |
|---|---|

1.  I am the ☐ Movant(s) or ☒ Attorney for Movant(s) or ☐ employed by Attorney for Movant(s).

2.  **On:** 4/14/11     Movant(s) filed a motion entitled: Notice of Motion and Motion of the Official Committee of Unsecured Creditors for an Order Establishing Information Sharing Protocols and Providing that the Official Committee of Unsecured Creditors is Not Required to Provide Access to Confidential Information of the Debtor or Privileged Information; Declaration of Glen Golomski in Support Thereof

3.  A copy of the Motion and Notice of Motion is attached hereto.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*     Page 2     **F 9013-1.2.DECLARATION.NO.HEARING**

4. **On** 4/14/11 , Movant(s) served a copy of ☐ the Notice of Motion or ☒ the Motion and Notice of

   Motion on required parties using the method(s) identified on the Proof of Service of the Notice of Motion.

5. **Pursuant to LBR 9013-1(o), the Notice of Motion explicitly provided that the deadline for filing and serving a written response and request for a hearing is 14 days after the date of Service of the Notice of Motion, plus an additional 3 days unless the Notice of Motion was served by personal delivery or posting as described in F.R.Civ.P. Rule 5(b)(2)(A)-(B).**

6. **More than** 14 days have passed since Movant(s) served the Notice of Motion.

7. **I have checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing has been timely filed.**

8. **No response and request for hearing has been timely served on Movant(s) at the street address, email address, or facsimile number specified in the Notice of Motion.**

9. Based upon the foregoing, pursuant to LBR 9013-1(o), a hearing is not required.

10. A proposed order on the Motion has been lodged concurrent with the filing of this declaration. A copy of the proposed order has been served upon the judge pursuant to LBR 5005-2(d) and the Court Manual, together with a LOU confirmation receipt if the order was lodged electronically. Pursuant to LBR 9021-1(b)(2) and the Court Manual, if self-addressed, stamped envelopes are required, they were also included with the proposed order.

WHEREFORE, Movant(s) requests that the Motion be granted and an order be entered without a hearing on the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct,

and this declaration was executed
on 5/2/11 at Washington in the State of District of Columbia

Katie A. Lane                                    /s/ Katie A. Lane

_Type Name of Declarant_                          _Signature of Declarant_

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_October 2010_                          Page 2                F 9013-1.2.DECLARATION.NO.HEARING

1  Mette H. Kurth (SBN 187100)
   Katie A. Lane (DC Bar No. 502976; Admitted *Pro Hac Vice*)
2  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
3  Los Angeles, CA  90013-1065
   Telephone:   213.629.7400
4  Facsimile:    213.629.7401
   E-mail:       kurth.mette@arentfox.com
5                lane.katie@arentfox.com

6

7  *Proposed* Attorneys for the Official Committee of
   Unsecured Creditors

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11

| | |
|---|---|
| In re: | Case No.: 2:11-bk-13454-PC |
| **CONTESSA PREMIUM FOODS, INC.** | Chapter 11 |
| Debtor. | **NOTICE OF MOTION AND MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER ESTABLISHING INFORMATION SHARING PROTOCOLS AND PROVIDING THAT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION OF THE DEBTOR OR PRIVILEGED INFORMATION; DECLARATION OF GLEN GOLOMSKI IN SUPPORT THEREOF.** |
| | *[No Hearing Required Unless Requested Per L.B.R. 9013-1(o).]* |

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

LA/436072.2

1

2   **TO THE HONORABLE PETER CARROLL, CHIEF UNITED STATES**

3   **BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE;**

4   **THE DEBTOR; THE DEBTOR'S SECURED CREDITORS; AND ALL OTHER**

5   **PARTIES ENTITLED TO NOTICE:**

6       **PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors

7   (the "Committee") of Contessa Premium Foods, Inc. (the "Debtor") hereby files its

8   *Motion of the Official Committee of Unsecured Creditors for an Order Establishing*

9   *Information Sharing Protocols and Providing That the Official Committee of Unsecured*

10  *Creditors Is Not Required to Provide Access to Confidential Information of the Debtor or*

11  *Privileged Information* .

12      **PLEASE TAKE FURTHER NOTICE** that, as set forth in greater detail below,

13  there are good and sufficient grounds for the relief requested in the Motion.  As authorized

14  under Bankruptcy Code sections 105(a), 107(b), and 1102(b)(3)(A) and Federal Rule of

15  Bankruptcy Procedure 9018, the Committee seeks entry of an Order establishing certain

16  information sharing protocols to help ensure that the Committee has access to information

17  necessary to aid it in performing its statutory duties under the Bankruptcy Code while

18  simultaneously preventing dissemination of confidential, privileged, proprietary, and/or

19  material non-public information of the Debtor to non-Committee creditors to the

20  detriment of the Debtor's estate.  Accordingly, the relief requested herein is reasonable

21  and is in the best interest of the Debtor's estate and its creditors.

22      **PLEASE TAKE FURTHER NOTICE** that this Motion is based on the annexed

23  Declaration of Glen Golomski; the legal authorities and arguments set forth in the

24  incorporated Memorandum of Points and Authorities; the statements, arguments and

25  representations of counsel who appear at the hearing on the Motion, if a hearing is

26  required; the record in this case; any other evidence properly before the Court prior to or

27  at any hearing on the Motion; and all matters of which this Court may properly take

28  judicial notice.

2

LA/436072.2

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o)(1) requires that any response to the Motion and request for hearing must be filed with the Bankruptcy Court and served upon the United States Trustee and counsel for the Committee within 14 days after the date of service of this Notice and Motion. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

Dated: April 14, 2011

/s/ *Mette H. Kurth*
Mette H. Kurth
ARENT FOX LLP
*Proposed* Attorneys for the Official
Committee of Unsecured Creditors

1

2                                              **MOTION**

3          The Official Committee of Unsecured Creditors and its members have access to

4   certain of the Debtor's Confidential Information (defined below) pursuant to the terms of

5   a *Confidentiality and Non-Disclosure Agreement* dated February 24, 2011 (the

6   "Confidentiality Agreement").  The Confidentiality Agreement states that the Debtor will

7   provide the Committee, its members, and its professionals (the "Committee Parties") with

8   access to certain information, including Confidential Information, related to the Debtor

9   and its bankruptcy case subject to terms governing the exchange and preservation of such

10  information.    The Committee Parties, in turn, are required to keep Confidential

11  Information confidential and not to disclose such information to non-Committee creditors

12  absent the Debtor's consent, compulsion by law, or by order of this Court.    The

13  Committee and its Members also have access to certain Privileged Information (defined

14  below) in connection with the Debtor's bankruptcy case.

15         By this Motion, the Committee seeks entry of an Order establishing certain

16  information sharing protocols by: (a) confirming that section 1102(b)(3)(A) of the

17  Bankruptcy Code does not require that the Committee provide access to Confidential

18  Information of the Debtor to anyone other than the members of the Committee and its

19  counsel and financial consultants; and (b) confirming that the Committee is not required

20  to provide access to Privileged Information to anyone other than Committee members and

21  the Committee's counsel and financial consultants.  The Committee further requests that

22  the Court authorize, but not require, the Committee to establish a website to make non-

23  Confidential Information and non-Privileged Information available to creditors if the

24  Committee determines, in its sole discretion, that such website would be beneficial to the

25  estate.

26         The relief sought by this Motion will help ensure that the Committee has access to

27  information necessary to aid it in performing its statutory duties under the Bankruptcy

28  Code while simultaneously preventing dissemination of confidential, privileged,

LA/436072.2

1   proprietary, and/or material non-public information of the Debtor or the Committee to the

2   detriment of the Debtor's estate.

3         **WHEREFORE**, the Committee respectfully requests that the Court enter an order:

4   (a) confirming that the Committee is not required to provide access to "Confidential

5   Information" of the Debtor to anyone other than the members of the Committee and its

6   counsel and financial consultants; (b) confirming that the Committee is not required to

7   provide access to "Privileged Information" to anyone other than Committee members and

8   the Committee's counsel and financial consultants; (c) authorizing the Committee to

9   establish a website, if the Committee, in its sole discretion, determines that the creation of

10  such a website will facilitate the orderly administration of this bankruptcy case; and (d)

11  granting such further relief as is necessary and appropriate.

12

13  Dated: April 14, 2011

14

15                                      /s/ *Mette H. Kurth*
16                                      Mette H. Kurth
                                        ARENT FOX LLP
17                                      *Proposed* Attorneys for the Official
                                        Committee of Unsecured Creditors
18

19

20

21

22

23

24

25

26

27

28

2

LA/436072.2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.    General Background.

On or about January 26, 2011 (the "Petition Date"), the Debtor commenced a voluntary bankruptcy case pursuant to Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor and debtor-in-possession pursuant to Bankruptcy Code section 1107 and 1008.[1]

On February 8, 2011, the Office of the United States Trustee appointed five members to the Committee pursuant to Bankruptcy Code Sections 1102(a) and 1102(b). The Committee is comprised of B and D Foods (Timothy B. Andersen); BrucePac (Glen Golomski); Dedeaux Properties, LLC (Robert Santich and Ashok Aggarwal); Pacific Southwest Container (James D. Mayol); and Sage V Foods, Inc. (Victor P. Vegas).

### B.    Privileged Attorney-Client Communications.

Following its appointment on February 8, 2011, the Committee selected and formally voted to employ Arent Fox as counsel and FTI Consulting as its financial consultant, subject to the approval of this Court. On March 8, 2011, the Committee filed its *Application to Employ Arent Fox LLP as Attorneys for the Committee Effective as of February 8, 2011* (D.E. 117). On March 10, 2011, the Committee filed its *Application to Employ FTI Consulting as Financial Consultant for the Committee Effective as of February 10, 2011* (D.E. 127). On March 29, 2011, the Court entered an order authorizing FTI's employment (D.E. 160). As of the date of this Motion, Arent Fox's employment application remains pending. The Committee, its members, Arent Fox, and FTI have engaged and may engage in attorney-client privileged communications and exchanges of information protected by the attorney-client privilege in connection with the

---

[1]    Additional background information is set forth in the Declaration of Daniel Scouler In Support of First-Day Motions ("Scouler Declaration") filed by the Debtor in connection with this case (D.E. 23). The Scouler Declaration is hereby incorporated by reference; however, the Committee has not independently verified the information contained therein.

LA/436072.2

1    Committee's participation in this bankruptcy case ("Privileged Information").

2    Bankruptcy Code section 1102(b)(3)(A) creates a dilemma for a committee

3    because it raises a question as to whether a committee could be compelled to share

4    Privileged Information with non-Committee creditors (including *ex-officio* committee

5    members).  Requiring the Committee to provide non-Committee creditors (including any

6    *ex-officio* committee members) with access to Privileged Information creates serious

7    concerns.  If Privileged Information were required to be turned over to any estate creditor,

8    the relevant privilege could be waived or otherwise destroyed.

9    The relief sought by this Motion will facilitate the orderly administration of the

10    Debtor's bankruptcy case and the Committee's exercise of its duties by ensuring the

11    Committee, the Committee members, and the Committee's advisors that they can freely

12    engaged in attorney-client privileged discussions and exchange Privileged Information in

13    the performance of the Committee's statutory duties under the Bankruptcy Code without

14    undue concern regarding the potential dissemination of such Privileged Information and

15    waiver of the attorney-client privilege.  Without such protection, the Committee and its

16    members would likely be constrained in their ability to obtain the independent advice and

17    consultation that such privileges are designed to encourage.

18    **C.    The Confidentiality Agreement Between the Debtor and Committee.**

19    Often a debtor in possession grants a committee and its professionals access to

20    confidential and other non-public proprietary information, provided that the committee

21    enters into a confidentiality agreement or makes similar arrangements with the debtor.  A

22    committee's agreement to be bound by these provisions permits a debtor to ensure that the

23    committee's members will treat the debtor's information as confidential and will not use

24    that confidential information except in connection with the chapter 11 case and on terms

25    acceptable to the debtor.  The committee then uses the confidential information that it

26    obtains to assess the debtor's prospects for reorganization and perform its other statutory

27    duties.

28    Bankruptcy Code section 1102(b)(3)(A) creates a dilemma for both a committee

4

and a debtor because it raises a question as to whether a committee could be compelled to share Confidential Information with non-Committee creditors (including *ex-officio* committee members). The absence of specificity raises issues as to the breadth of information a debtor should disclose, which potentially limits a committee's ability to perform its statutory duties.

In the present case, public circulation of Confidential Information likely would cause serious harm to the Debtor's estate by, *inter alia*, permitting the disclosure of otherwise protected information to the Debtor's competitors and litigation adversaries who could use the information to the detriment of the Debtor's estate. Furthermore, the Committee will likely receive other Confidential Information, such as information related to recipes and food processing, intellectual property, compensation levels or other employee information, that should be kept private. Public disclosure of such information is unnecessary and could jeopardize employee morale and harm the Debtor. Moreover, without an order confirming that the Committee is not required to provide access to Confidential Information to non-Committee creditors, the Debtor would be discouraged from giving Confidential Information to the Committee, which in turn could restrict the Committee's ability to fulfill its statutory obligations under the Bankruptcy Code.

In the present case, the Debtor entered into the Confidentiality Agreement with the Committee Parties. The key terms of the agreement are that the Debtor will provide access to information, including Confidential Information, and that the Committee Parties will not disseminate information that qualifies as Confidential Information, subject to certain exceptions (set forth below). The Confidentiality Agreement further provides that the Committee Parties may disclose Confidential Information as required by law. If Committee Parties resign or are terminated, the Confidentiality Agreement provides for the return and nondisclosure of Confidential Information. Finally, the agreement contains provisions for its interpretation and enforcement by the Bankruptcy Court.

Pursuant to the Confidentiality Agreement, and for purposes of this Motion, Confidential Information is defined as "any and all information, tangible or intangible,

5

1  received by the Committee Parties from the Debtor or its Representatives and relating to

2  operations, financial condition, plans, projections, results of operations, and asset sales of

3  the Debtor, including, but not limited to, business records, personnel data, financial status,

4  financial records, income statements, balance sheets, workout or reorganization plans,

5  product specifications, recipes, ingredients, formulas, processing procedures, packaging

6  components, packaging material, art, artwork, sketches, drawings, illustrations, designs,

7  computer software or hardware, computer generated images, customers and customer

8  lists, suppliers and supplier lists, business relationships, technical innovations, research

9  and development, and/or any and all other information disclosed by the Debtor to the

10  Committee Parties, in any form or medium, relating to the Debtor's business."

11      The Confidentiality Agreement excepts from Confidential Information any

12  information that is (a) or becomes publicly known through no negligent or intentional act

13  on the Committee Parties' Part or breach of the agreement; (b) already known to one or

14  more of the Committee Parties, except trade secrets or intellectual property otherwise

15  entitled to protection as a trade secret or confidential data; (c) lawfully received by a

16  Committee Party by a third party without breach of the agreement; or (d) independently

17  developed by the Committee Party without use of Confidential Information.

18          **C.    The Proposed Information Sharing Protocol**

19      To address the concerns and ambiguity with respect to the sharing of Confidential

20  and Privileged Information in this case, the Committee proposes that the Committee and

21  its individual members and their respective representatives, advisors, and counsel shall be

22  deemed to be in compliance with Bankruptcy Code sections 1102(b)(3) and 1103(c) if

23  they implement and comply with the following "Information Sharing Protocol":

24      A.  The Committee will be authorized to make general
25         information about this chapter 11 case available to creditors by
          responding to information requests; *provided, however,* that
26         the Committee will not be required to make available
          information that is Confidential Information or Privileged
27         Information.    The information that the Committee may
28         provide to creditors includes, but shall not be limited to:  (i)

the Petition Date, (ii) the case number, (iii) the contact information for the Debtor (and any information hotlines or informational email addresses that the Debtor may establish), the Debtor's counsel, and the Committee's counsel, (iv) the voting deadline with respect to any plan filed in this case, (v) information regarding any claims bar dates, (vi) access to the claims docket as and when established by the Debtor or any claims and noticing agent retained in this case, (vii) a general overview of the chapter 11 process, (viii) press releases (if any) issued by the Committee or by the Debtor, (ix) links to relevant websites (*e.g.*, the Debtor's corporate website, the Bankruptcy Court's website, and the website of the office of the United States Trustee), and (x) any other information that the Committee or its counsel, in their sole discretion, deems appropriate, subject to the restrictions and limitations herein;

B. The Committee will be authorized to impart other public, non-Confidential Information about the Debtor to unsecured creditors or other parties who contact the Committee Parties requesting such information, subject to the restrictions and limitations herein;

C. Upon termination, resignation or removal of a Committee Party with respect to its role with the Committee, such former Committee Party shall be obligated to continue to comply with the terms of the Confidentiality Agreement during the term of such agreement; *provided, however,* that the Committee shall be under no obligation to impart any further Confidential Information or Privileged Information to such Committee Party, including any former Committee committee member who thereafter may become an *ex-officio* Committee Member;

D. The Committee will be authorized, but not required, to establish a website to make non-Confidential Information and non-Privileged Information available to creditors if the Committee determines, in its sole discretion, that such website would be beneficial to the estate.

### D.    Notice

The Committee has served notice of this Motion on (a) the office of the United States Trustee, (b) the Debtor, (c) counsel to the Debtor, (d) counsel to Wells Fargo Bank, (e) counsel to GE Capital, and (f) all parties requesting special notice under Bankruptcy

7

1   Rule 2002.  The Committee respectfully submits that this notice is appropriate under the

2   circumstances and that no further notice is necessary or required.

3   **II.**

4   **ARGUMENT**

5   Bankruptcy Code section 1102(b)(3) provides that a statutory committee appointed

6   under Section 1102(a) shall "provide access to information for creditors who – (i) hold

7   claims of the kind represented by that committee; and (ii) are not appointed to the

8   committee."[2]  The statute is silent as to the nature, scope, or extent of the information that

9   must be provided to such creditors.  The statute is also devoid of the method by which a

10  committee should provide creditors with access to such information.[3]   Similarly, the

11  House Report containing the legislative history of § 1102(b)(3) provides little guidance as

12  to the application of this provision, stating only that:

13          Section 405(b) requires the committee to give creditors having claims

14          of the kind represented by the committee access to information. In

15          addition, the committee must solicit and receive comments from

16          these creditors and, pursuant to court order, make additional reports

17          or disclosures available to them.[4]

18  Accordingly, committees routinely seek and obtain Court orders establishing

19  information  sharing  protocols  and  confirming  that  Bankruptcy  Code  section

20  1102(b)(3)(A) does not require the Committee to provide access to confidential or

21  privileged information to non-Committee members.  Courts approving such procedures

22  have clarified that committees are not required to provide access to confidential or

23  privileged information.[5]  Section 107(b)(1) of the Bankruptcy Code requires that "[o]n

24  [2]   11 U.S.C. § 1102(b)(3)(A).

25  [3]   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding
        within the meaning of 28 U. S. C. § 157(b)(2).  Venue of this chapter 11 case in this district is proper under 28
26      U.S.C. §§ 1408 and 1409.

    [4]   H.R.REP. NO. 109–31, at 87 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 153.

27  [5]   *See e.g., In re S & B Surgery Center, Inc.,*421 B.R. 546 (Bankr. .C.D.Ca..2009) (Committee required to provide
        creditors with access to non-confidential information); *.In re Refco,* 336 B.R. 187 (Bankr. S.D.N.Y. 2006)
28      (holding that absent a request of a creditor seeking access to such information and unless a court orders
        otherwise, a committee is not required to disclose confidential information or information that would result in

    8

    LA/436072.2

1  request of a party in interest, the bankruptcy court shall…protect an entity with respect to

2  a trade secret or confidential research, development, or commercial information[.]"

3  Furthermore, Section 105 of the Bankruptcy Code gives the court equitable powers to

4  enter orders as necessary preserve or protect the value of a debtor's estate.[6]

5      Bankruptcy Rule 9018 also gives the Court the discretion to limit the disclosure of

6  nonpublic or privileged information where dissemination of such information would likely

7  cause serious harm to the Debtor's estate.  Bankruptcy Rule 9018 provides that "[o]n

8  motion or on its own initiative, with or without notice, the court may make any order

9  which justice requires…to protect the estate or any entity in respect of a trade secret or

10  other confidential research, development, or commercial information…"[7]

11      For the foregoing reasons, the Committee requests entry of an order of this Court

12  confirming that the Committee is not required pursuant to section 1102(b)(3)(A) of the

13  Bankruptcy Code to provide all creditors with access to Confidential Information or

14  Privileged Information of the Debtor or the Committee.  The Committee submits that the

15  requested relief will maximize the value of the estate and assist the Committee in the

16  performance of its statutory duties.

## III.

## CONCLUSION

**WHEREFORE,** for all the reasons set forth above, and pursuant to Sections

105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, the Committee respectfully

requests that this Court grant the Motion and enter an order: (a) approving the Information

Sharing Protocol set forth herein; (b) confirming that the Committee is not required to

provide access to Confidential Information or Privileged Information to parties other than

the Committee, the Committee members, and the Committee's professionals; and (c)

granting such other and further relief as this Court deems proper.

---

waiver of the attorney-client privilege or violation of an agreement, order, or law); *In re Global Home Products LLC, et al.,* Case No. 06-10340 (KG) (Bankr. D. Del. May 5, 2006) (stating that a committee is neither authorized nor required to provide access to confidential or privileged information).

[6]  *See In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986).

[7]  Fed. R. Bankr. P. 9018.

LA/436072.2

1

2    Dated:  April 14, 2011

3

4                                                        /s/ *Mette H. Kurth*

5                                                        Mette H. Kurth
                                                         ARENT FOX LLP
6                                                        *Proposed* Attorneys for the Official
                                                         Committee of Unsecured Creditors
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA/436072.2

1

## DECLARATION OF GLEN GOLOMSKI

2

I, Glen Golomski, declare:

3

1.      I am over 18 years of age. If called as a witness, I could and would testify from

4

my own personal knowledge regarding the matters set forth in this declaration.

5

2.      I am the Chairman of the Official Committee of Unsecured Creditors (the

6

"Committee") in the Contessa Premium Foods bankruptcy case.   This declaration is

7

submitted in support of the *Motion of the Official Committee of Unsecured Creditors for*

8

*an Order Establishing Information Sharing Protocols and Providing That the Official*

9

*Committee of Unsecured Creditors Is Not Required to Provide Access to the Confidential*

10

*or Privileged Information of the Debtor.*

11

3.      Following its appointment on February 8, 2011, the Committee selected and

12

formally voted to employ Arent Fox as counsel and FTI Consulting as its financial

13

consultant, subject to the approval of the Court.  On March 8, 2011, the Committee filed

14

its *Application to Employ Arent Fox LLP as Attorneys for the Committee Effective as of*

15

*February 8, 2011*.  On March 10, 2011, the Committee filed its *Application to Employ*

16

*FTI Consulting as Financial Consultant for the Committee Effective as of February 10,*

17

*2011*.  On March 29, 2011, the Court entered an order authorizing FTI's employment and,

18

as of the date of this Declaration, Arent Fox's employment application remains pending.

19

4.      Since engaging Arent Fox LLP and FTI Consulting, the Committee and its

20

professionals have engaged in numerous communications and exchanged numerous

21

documents that I understand to be protected by the attorney-client privilege  ("Privileged

22

Information").

23

5.      Since my appointment to the Committee, my fellow Committee members and I

24

have also entered into a Confidentiality Agreement with the Debtor.  I believe that the

25

terms of the Confidentiality Agreement are reasonable and not unduly burdensome.  The

26

key terms of the agreement are that the Debtor will provide the Committee with access to

27

information, including  Confidential  Information,  and  that  the  Committee  will  not

28

LA/436072.2

disseminate information that qualifies as Confidential Information, subject to certain exceptions.

6.    I understand that Bankruptcy Code section 1102(b)(3)(A) raises a question as to whether a committee could be compelled to share information that may include Privileged Information or Confidential Information with non-Committee creditors, including ex-officio committee members.

7.    If members of the Committee or its professionals were required to provide non-Committee creditors with access to Privileged Information or Confidential Information, I believe that it would create a serious concern for the Committee.  For example, if the Committee were required to disclose Privileged Information to any estate creditor, I understand that the relevant privilege could be waived or otherwise destroyed.  I believe that this possibility could limit the Committee in its ability to obtain the independent advice and consultation that such privileges are designed to encourage.

8.    Moreover, public circulation of Confidential Information could cause serious harm to the Debtor's estate by permitting the disclosure of otherwise protected information to the Debtor's competitors and litigation adversaries who could use the information to the detriment of the Debtor's estate and creditors.   In addition, the Committee may receive information related to recipes and food processing, intellectual property, compensation levels or other employee information, that should be kept private. I believe that public disclosure of such information is unnecessary, and that the risk of disclosure could cause the Debtor to curtail the extent and quality of the information that it is willing to share with the Committee, thereby hampering the Committee in the performance of its duties.

9.    To address these concerns, the Committee proposes that this Court approve the "Information Sharing Protocol" set forth in the foregoing Motion.

10.    I believe that the Information Sharing Protocol is consistent with the Committee's statutory duties and its obligations under the Confidentiality Agreement and will help ensure that the Committee has access to the professional advice and information

2

LA/436072.2

1  needed to aid it in performing its statutory duties under the Bankruptcy Code.
2  Accordingly, I believe that the requested relief is in the best interest of the Debtor's estate
3  and its creditors.
4       I declare under penalty of perjury under the laws of the United States that the
5  foregoing is true and correct to the best of my information, knowledge and belief.
6       Executed this _14_ day of April 2011, at _Silverton__, Oregon.
7
8                                    Glen Golomski
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| In re: **Contessa Premium Foods Inc.** | | CHAPTER **11** |
|---|---|---|
| | Debtor(s). | CASE NUMBER **2:11-bk-13454-PC** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Arent Fox LLP, 1050 Connecticut Avenue, NW, Washington, DC 20036.

A true and correct copy of the foregoing document described **Notice of Motion and Motion of the Official Committee of Unsecured Creditors for an Order Establishing Information Sharing Protocols and Providing That the Official Committee of Unsecured Creditors Is Not Required to Provide Access to Confidential Information of The Debtor or Privileged Information and Declaration of Glen Golomski in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 14, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **April 15, 2011** I will serve the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 14, 2011 | Katie A. Lane | /s/ Katie A. Lane |
|---|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                **F 9013-3.1**

LA/436072.2

| In re: **Contessa Premium Foods Inc.** | CHAPTER **11** |
|---|---|
| Debtor(s). | CASE NUMBER **2:11-bk-13454-PC** |

_Date_        _Type Name_        _Signature_

<u>ADDITIONAL SERVICE INFORMATION</u> (if needed):

### I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>:

Aram Ordubegian on behalf of The Official Committee of Unsecured Creditors Courtesy NEF
ordubegian.aram@arentfox.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Jeffrey W Dulberg on behalf of Debtor Contessa Premium Foods Inc
jdulberg@pszjlaw.com

Moriah D Flahaut on behalf of The Official Committee of Unsecured Creditors Courtesy NEF
flahaut.douglas@arentfox.com

Jeffrey B Gardner on behalf of Creditor Haliburton International Foods, Inc.
Jeff.Gardner@sbgk.com , mary.do@sbgk.com

Richard H. Golubow on behalf of Creditor Louis Wang
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

Jeffrey S Goodfried on behalf of Creditor Dickinson Frozen Foods, Inc.
jgoodfried@perkinscoie.com

Robert S Hertzberg on behalf of Contessa Premium Foods Inc. Courtesy NEF
hertzbergr@pepperlaw.com

Peter L Isola on behalf of Creditor Farm Credit Services of Mid-America
peterisola@dwt.com

John H Kim on behalf of Interested Party Courtesy NEF
jkim@cookseylaw.com

Mette H Kurth on behalf of The Official Committee of Unsecured Creditors Courtesy NEF
kurth.mette@arentfox.com

Katie A Lane on behalf of The Official Committee of Unsecured Creditors Courtesy NEF
lane.katie@arentfox.com

Nicole S Magaline on behalf of Interested Party U.S. Foodservice, Inc.
nmagaline@schiffhardin.com

Scotta E McFarland on behalf of Debtor Contessa Premium Foods Inc
smcfarland@pszjlaw.com , smcfarland@pszjlaw.com

Frank F McGinn on behalf of Interested Party Courtesy NEF
ffm@bostonbusinesslaw.com

Lawrence H Meuers on behalf of Creditor Agroindustria Legumex, S.A.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_        **F 9013-3.1**

LA/436072.2

| In re: **Contessa Premium Foods Inc.** | | CHAPTER **11** |
|---|---|---|
| | Debtor(s). | CASE NUMBER **2:11-bk-13454-PC** |

lmeuers@meuerslawfirm.com,
sdefalco@meuerslawfirm.com; nbucciarelli@meuerslawfirm.com; lcastle@meuerslawfirm.com

Christopher O Rivas on behalf of
Bertrand Pan on behalf of Creditor Dedeaux Properties, LLC
bertrand.pan@dlapiper.com

Jeffrey N Pomerantz on behalf of Interested Party Courtesy NEF
jpomerantz@pszjlaw.com

Kurt Ramlo on behalf of Interested Party Courtesy NEF
kurt.ramlo@dlapiper.com , evelyn.rodriguez@dlapiper.com

Katherine A Traxler on behalf of Creditor Wells Fargo Bank, N.A. and Wells Fargo Bank Northwest, N.A.
katietraxler@paulhastings.com

Christopher O Rivas on behalf of Interested party Courtesy NEF
crivas@reedsmith.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Joseph M VanLeuven on behalf of Interested Party Courtesy NEF
joevanleuven@dwt.com

Elizabeth Weller on behalf of Creditor Tarrant County
dallas.bankruptcy@publicans.com

Marc j Winthrop on behalf of Creditor Louis Wang
mwinthrop@winthropcouchot.com ; pj@winthropcouchot.com

Craig A Wolfe on behalf of Debtor Contessa Premium Foods Inc
kdwbankruptcydepartment@kelleydrye.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**

LA/436072.2

| In re: **Contessa Premium Foods Inc.** | CHAPTER **11** |
|---|---|
| Debtor(s). | CASE NUMBER **2:11-bk-13454-PC** |

## II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

### Via First Class U.S. Mail

### Judge

Honorable Peter Carroll
United States Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

### Debtor

Contessa Premium Foods, Inc.
222 West 6th Street
8th Floor
San Pedro, CA 90731

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**

LA/436072.2

| In re: **Contessa Premium Foods Inc.** | CASE NUMBER: **2:11-bk-13454-PC** |
| Debtor(s). | CHAPTER 11 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Arent Fox LLP, 1050 Connecticut Avenue, NW, Washington, DC 20036.

A true and correct copy of the foregoing document described **DECLARATION RE:  ENTRY OF ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o) (re Application for Order Approving the Notice of Motion and Motion of the Official Committee of Unsecured Creditors for an Order Establishing Information Sharing Protocols and Providing that the Official Committee of Unsecured Creditors is not Required to Provide Access to Confidential Information of the Debtor or Privileged Information; Declaration of Glen Golomski in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 2, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **May 2, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 2, 2011 | Katie A. Lane | /s/ Katie A. Lane |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

<table>
<tr><td>In re: <strong>Contessa Premium Foods Inc.</strong><br><br>Debtor(s).</td><td>CASE NUMBER: <strong>2:11-bk-13454-PC</strong><br><br>CHAPTER 11</td></tr>
</table>

<u>ADDITIONAL SERVICE INFORMATION</u> (if needed):

**I.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>:**

Aram Ordubegian on behalf of The Official Committee of Unsecured Creditors Courtesy NEF
ordubegian.aram@arentfox.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Jeffrey W Dulberg on behalf of Debtor Contessa Premium Foods Inc
jdulberg@pszjlaw.com

Moriah D Flahaut on behalf of The Official Committee of Unsecured Creditors Courtesy NEF
flahaut.douglas@arentfox.com

Jeffrey B Gardner on behalf of Creditor Haliburton International Foods, Inc.
Jeff.Gardner@sbgk.com , mary.do@sbgk.com

Richard H. Golubow on behalf of Creditor Louis Wang
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

Jeffrey S Goodfried on behalf of Creditor Dickinson Frozen Foods, Inc.
jgoodfried@perkinscoie.com

Robert S Hertzberg on behalf of Contessa Premium Foods Inc. Courtesy NEF
hertzbergr@pepperlaw.com

Peter L Isola on behalf of Creditor Farm Credit Services of Mid-America
peterisola@dwt.com

John H Kim on behalf of Interested Party Courtesy NEF
jkim@cookseylaw.com

Mette H Kurth on behalf of The Official Committee of Unsecured Creditors Courtesy NEF
kurth.mette@arentfox.com

Katie A Lane on behalf of The Official Committee of Unsecured Creditors Courtesy NEF
lane.katie@arentfox.com

Nicole S Magaline on behalf of Interested Party U.S. Foodservice, Inc.
nmagaline@schiffhardin.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                        **F 9013-3.1**

| In re: **Contessa Premium Foods Inc.** | CASE NUMBER: **2:11-bk-13454-PC** |
|---|---|
| Debtor(s). | CHAPTER 11 |

Scotta E McFarland on behalf of Debtor Contessa Premium Foods Inc
smcfarland@pszjlaw.com , smcfarland@pszjlaw.com

Frank F McGinn on behalf of Interested Party Courtesy NEF
ffm@bostonbusinesslaw.com

Lawrence H Meuers on behalf of Creditor Agroindustria Legumex, S.A.
lmeuers@meuerslawfirm.com,
sdefalco@meuerslawfirm.com; nbucciarelli@meuerslawfirm.com; lcastle@meuerslawfirm.com

Christopher O Rivas on behalf of
Bertrand Pan on behalf of Creditor Dedeaux Properties, LLC
bertrand.pan@dlapiper.com

Jeffrey N Pomerantz on behalf of Interested Party Courtesy NEF
jpomerantz@pszjlaw.com

Kurt Ramlo on behalf of Interested Party Courtesy NEF
kurt.ramlo@dlapiper.com , evelyn.rodriguez@dlapiper.com

Katherine A Traxler on behalf of Creditor Wells Fargo Bank, N.A. and Wells Fargo Bank Northwest, N.A.
katietraxler@paulhastings.com

Christopher O Rivas on behalf of Interested party Courtesy NEF
crivas@reedsmith.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Joseph M VanLeuven on behalf of Interested Party Courtesy NEF
joevanleuven@dwt.com

Elizabeth Weller on behalf of Creditor Tarrant County
dallas.bankruptcy@publicans.com

Marc j Winthrop on behalf of Creditor Louis Wang
mwinthrop@winthropcouchot.com ; pj@winthropcouchot.com

Craig A Wolfe on behalf of Debtor Contessa Premium Foods Inc
kdwbankruptcydepartment@kelleydrye.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| In re: **Contessa Premium Foods Inc.** | CASE NUMBER: **2:11-bk-13454-PC** |
|---|---|
| Debtor(s). | CHAPTER 11 |

## II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL:

### Via First Class U.S. Mail

### Judge

Honorable Peter Carroll
United States Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

### Debtor

Contessa Premium Foods, Inc.
222 West 6th Street
8th Floor
San Pedro, CA 90731

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**