Craig A. Wolfe (CA Bar No. 200870)
Jason R. Alderson (CA Bar No. 233176)
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, New York  10178-0002
Telephone: (212) 808-7800
Facsimile:  (212) 808-7897
E-mail:  cwolfe@kelleydrye.com;
jalderson@kelleydrye.com
*Counsel for Debtor*

Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California  90067-4100
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail:jpomerantz@pszjlaw.com; jdulberg@pszjlaw.com
*Local/Conflicts Counsel for Debtor*

**FILED & ENTERED**

JUL 01 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.:  2:11-bk-13454-PC |
| CONTESSA PREMIUM FOODS, INC., | Chapter 11 |
| Debtor.[1] | **ORDER (A) APPROVING AND AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEF** |
| | [Hearing Information To Come] |

Upon consideration of the *Motion for Order (a) Approving Sale Procedures, Including*

---

[1] The Debtor is a California corporation, Fed. Tax I.D. No. 33-0020606.  The Debtor's address is 222 West 6th Street, 8th Floor, San Pedro, California 90731.

*Break-Up Fee, in Connection With the Proposed Sale at Auction of the Contessa Enterprise; (b)*

*Approving Procedures for the Assumption and Assignment of Real and Personal Contessa*

*Enterprise Leases and Executory Contracts in Connection Therewith; (c) Approving Sale of All or*

*Certain Contessa Enterprise Assets to the Highest and Best Bidder at Auction; and (d) Granting*

*Related Relief* the "Sale Motion") [Dkt. No. 208] of Contessa Premium Foods, Inc., a California

Corporation, debtor and debtor in possession herein (the "Debtor"), pursuant to sections 105(a), 363

and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); and

the Court having entered an order granting the relief requested in the Sale Motion with respect to

the approval of Sale Procedures[2] in connection with the proposed sale or other disposition (the

"Sale") of the Green Cuisine Plant, the Non-Plant Businesses and/or the Contessa Enterprise, [Dkt.

No. 233] (as modified by that certain stipulation extending dates to the sale procedures [Dkt No.

320]),[3] the "Sale Procedures Order"); and Qualified Bids from more than one Potential Bidder

having been submitted prior to the Bid Deadline and an Auction having been held pursuant to the

Sale Procedures Order and in accordance with the Sale Procedures; and following the submission of

Subsequent Qualified Overbids at the Auction, the Debtor, in accordance with the Sale

Determination Process, following the evaluation by the Evaluation Committee of each of the

Subsequent Qualified Overbids, having selected the Subsequent Qualified Overbid of Premium

Foods Acquisition, Inc. ("Purchaser") as the Winning Bid for the Contessa Enterprise; and

Purchaser having executed and delivered to the Debtor its Form Agreement as modified following

the Auction in the form attached as Exhibit A hereto (the "Purchase Agreement"); and (i) notice of

---

[2]    Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings given to such terms in the Sale Motion.

[3]    Order Approving Stipulation and Agreement to Amend Order (A) Approving Sale Procedures, Including Break-Up Fee, in Connection With the Proposed Sale at Auction of the Contessa Enterprise; (B) Approving Procedures for the Assumption and Assignment of Real and Personal Property Leases and Executory Contracts in Connection Therewith; (C) Approving Sale of All or Certain Contessa Enterprise Assets to the Highest and Best Bidder at Auction; and (D) Granting Related Relief.

Cure Amounts and (ii) information regarding Purchaser's adequate assurance of future performance

pursuant to section 365 of the Bankruptcy Code having been given to each counterparty to the

Assumed Contracts and the Assumed Real Property Leases (each as defined in the Purchase

Agreement; the Assumed Contracts and the Assumed Real Property Leases, collectively, the

"Executory Contracts") pursuant to the Sale Procedures Order and in accordance with the Sale

Procedures; and the Sale Approval Hearing having been held before this Court on June 29, 2011, at

which time parties in interest were afforded an opportunity to be heard; and upon the record of the

Sale Approval Hearing; and upon consideration of the authorities set forth and arguments made in

the Sale Motion; and the Court having scheduled a hearing on July 13, 2011 at 9:30 a.m. pursuant to

Bankruptcy Rule 9019 to approve a compromise or settlement among the Debtor, the Official

Committee of Unsecured Creditors and John Z. Blazevich relating to the Disputed Property (as

defined in the Purchase Agreement) (the "9019 Hearing"); and the Court having determined that the

relief sought in the Sale Motion and the entry of an order (this "Sale Approval Order") approving

the proposed Sale to Purchaser of the Purchased Assets (as defined in the Purchase Agreement) is in

the best interest of the Debtor, its estate, its creditors and all parties in interest; and the Court having

determined that the legal and factual bases set forth in the Sale Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

**Jurisdiction, Final Order and Statutory Predicate**

A.      The Court has jurisdiction to hear and determine the Sale Motion and to grant the

relief requested therein, pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).  This matter is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (K), (M), (N) and (O). Venue of the

---

[4]      Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate.  Fed. R. Bankr. Pro. 7052.

Debtor's chapter 11 case and the Sale Motion is proper in this district under 28 U.S.C. §§ 1408 and

1409(a).

     B.     The statutory predicates for the relief sought in the Sale Motion are sections 105(a),

363 and 365 of the Bankruptcy Code, as complemented by Bankruptcy Rules 2002, 6004 and 6006.

### Corporate Authority, Consents and Approvals

     C.     The Debtor has full corporate power and authority to execute and deliver the

Purchase Agreement and all other documents contemplated thereby, and to consummate the Sale to

Purchaser. The Sale to Purchaser has been duly and validly authorized by all necessary corporate

actions of the Debtor. No consents or approvals other than the authorization and approval of this

Court are required for the Debtor to consummate the Sale to Purchaser.

### Notice of the Sale Motion

     D.     As evidenced by the affidavits of service previously filed with this Court, (i)

pursuant to the Sale Procedures Order and in accordance with the Sale Procedures, the Debtor

provided proper, timely, adequate, and sufficient notice of (a) the Sale Motion, (b) the Sale, (c) the

Auction; (d) the Approval Hearing, and (e) the assumption and assignment of the Executory

Contracts, including Cure Amounts and the provision of adequate assurance of future performance;

and (ii) no other or further notice of the relief sought with respect thereto shall be required.

     E.     A reasonable opportunity to object or be heard with respect to the Purchase

Agreement, the Sale Motion and the Sale to Purchaser has been afforded to all interested persons

and entities, including (i) the Office of the United States Trustee; (ii) counsel to the Official

Committee of Unsecured Creditors; (iii) Wells Fargo Bank, N.A. and its counsel, Paul, Hastings,

Janofsky & Walker LLP; (iv) General Electric Capital Corporation and GE Capital Public Finance,

Inc., and their counsel, Davis Wright Tremaine LLP; (v) Dedeaux Properties, LLC and its counsel,

DLA Piper LLP; (vi) all counterparties to the Executory Contracts; (vii) all federal, state, local

regulatory or taxing authorities or recording offices that have a reasonably known interest in the

relief requested by the Motion; (viii) the Internal Revenue Service So. Cal.; (ix) the United States

Attorneys' Office; and (x) all entities on the 2002 service list as of the date of entry of the Sale

Procedures Order.[5]

### Sound Business Purpose for the Sale Transaction

F.    As demonstrated by the testimony and/or other evidence proffered at the Sale

Approval Hearing and the representation of counsel made on the record of the Sale Approval

Hearing, the Debtor has marketed the Contessa Enterprise, including the Green Cuisine Plant and

the Non-Plant Businesses, and conducted the sale process pursuant to the Sale Procedures Order and

in accordance with the Sale Procedures fairly, and with adequate opportunity for interested parties

to submit Qualified Bids.  The marketing and bidding processes were fair, proper, complete and

reasonably calculated to result in the highest and best value received for the Purchased Assets.

G.    Good and sufficient reasons for approval of the Purchase Agreement and the Sale to

Purchaser have been articulated. The relief requested in the Sale Motion and the Sale to Purchaser

are within the reasonable business judgment of the Debtor.

H.    The Debtor has demonstrated both (a) good, sufficient, and sound business purpose

and justification and (b) compelling circumstances for the entry into the Purchase Agreement and

the consummation of the Sale to Purchaser pursuant to section 363(b) of the Bankruptcy Code in

that, among other things, the immediate consummation of the Sale to Purchaser is necessary and

appropriate to maximize the value to the Debtor's estate.  Such business reasons include, but are not

limited to, the facts that (a) there is substantial risk of deterioration of the value of the Purchased

Assets if the Sale to Purchaser is not consummated quickly; (b) the Purchase Agreement constitutes

---

[5]    Pursuant to the Sale Procedures Order, Imperial Capital, LLC provided the Sale Notice to all entities who
executed non-disclosure agreements with the Debtor in connection with the potential acquisition of any or all of
the Contessa Enterprise or who had otherwise expressed to the Debtor an interest in purchasing the Contessa
Enterprise or any part thereof.

the highest and best offer for the acquisition of the Purchased Assets; (c) the Purchase Agreement and the transactions contemplated thereby present the best opportunity for the Debtor to preserve and realize the value of the Debtor's assets for the benefit of its estate and creditors; and (d) unless the Sale to Purchaser is consummated expeditiously as provided for in the Sale Motion and pursuant to the Purchase Agreement, creditor recoveries may be diminished.

I.       The Sale to Purchaser must be approved and consummated promptly in order to preserve the viability of the Debtor's business as a going concern, and to maximize the value of the Debtor's estate.  Time is of the essence in consummating the Sale to Purchaser.  Accordingly, cause exists to lift the stay to the extent necessary, as contemplated by Bankruptcy Rule 6004(h).

J.       The Debtor has demonstrated that (a) it is an exercise of sound business judgment to assume the Executory Contracts and assign the Executory Contracts to Purchaser in connection with the consummation of the Sale to Purchaser, and (b) the assumption and assignment of the Executory Contracts is in the best interests of the Debtor, its estate and its creditors.  Assumption and assignment of the Executory Contracts to Purchaser is an essential component of the over-all transaction for sale of the Purchased Assets to Purchaser and, accordingly, such assumptions and assignments are reasonable, enhance the value of the Debtor's estate and do not constitute unfair discrimination.

**Auction**

K.       On June 28, 2011, the Debtor conducted the Auction for the Purchased Assets pursuant to the Sale Procedures Order and in accordance with the Sale Procedures.  At the Auction, the Debtor, in accordance with the Sale Determination Process and following the evaluation by the Evaluation Committee of each of the Subsequent Qualified Overbids, determined, in its reasonable business judgment, that the bid of Purchasers, as evidenced by the terms of the Purchase Agreement

and as set forth on the record at the Auction, was the highest and best bid for the Contessa Enterprise and the Debtor notified all Qualified Bidders in attendance at the Auction of the Winning Bid.

### Good Faith of Purchaser

L.      The terms and conditions set forth in the Purchase Agreement are fair and reasonable. The Debtor and Purchaser negotiated the terms and conditions of the Purchase Agreement in good faith and at arm's length, and Purchaser is entering into the Purchase Agreement in good faith and, as such, is entitled to the protections afforded by section 363(m) of the Bankruptcy Code.  The Purchaser is not an "insider" as that term is defined in Section 101(31) of the Bankruptcy Code.

M.      Purchaser has not engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code.  Specifically, Purchaser has not acted in a collusive manner with any person and the Purchase Price (as defined in the Purchase Agreement) was not controlled by any agreement among bidders.

### Highest and Best Offer

N.      The consideration provided by Purchaser for the Purchased Assets (a) represents the highest and best offer for the Contessa Enterprise, (b) is fair and reasonable, and (c) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical, available alternative.  No other person or entity, other than Purchaser, has offered any amount for the Contessa Enterprise that would give greater economic value to the Debtor's estate.  A sale of the Contessa Enterprise other than one free and clear of claims and interests would materially and adversely affect the Debtor's estate, will yield substantially less value for the Debtor's estate, with less certainty than the available alternatives, and thus the any alternative would be of substantially less benefit to the Debtor's estate.

- 7 -

O.    The Purchase Agreement was not entered into for the purpose of hindering, delaying

or defrauding creditors and the Purchase Price thereunder constitutes reasonably equivalent value

and fair consideration under the Bankruptcy Code or under the laws of the United States, any state,

territory or possession thereof, or the District of Columbia.

### Validity of Transfer

P.    The Debtor's bankruptcy estate is the sole and lawful owner of the Purchased Assets,

and title thereto is vested in the Debtor's estate pursuant to Section 541 of the Bankruptcy  Code.  The

transfer of the Purchased Assets to Purchaser pursuant to the Purchase Agreement is legal and valid,

and vests or will vest in Purchaser good and marketable title, and all of the Debtor's right, title, and

interest in, the Purchased Assets.

### Section 363(f) of the Bankruptcy Code is Satisfied

Q.    The transfer of the Purchased Assets to Purchaser pursuant to the Purchase

Agreement will vest Purchaser with all right, title, and interest of the Debtor in the Purchased Assets

free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the

Bankruptcy Code (except for (i) Permitted Encumbrances, and (ii) Assumed Liabilities (each as

defined in the Purchase Agreement)) including, but not limited to, (a) those that purport to give to

any party a right or option to effect any forfeiture, modification, right of first offer or refusal, or

termination of the Debtor's or Purchaser's interest in the Purchased Assets, or any similar rights, (b)

those relating to taxes arising under or out of, in connection with, or in any way relating to the

operation of the Purchased Assets prior to the Sale, (c) all mortgages, deeds of trust, security

interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands,

encumbrances, rights of use, hypothecations, easements, servitudes, restrictive covenants, leases,

subleases, covenants, rights of way, options, restrictions, or encroachments, or charges of any kind

or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of

- 8 -

income or other exercise of any attributes of ownership, and (d) all debts arising in any way in

connection with any agreements, acts, or failures to act, of any of the Debtor or any of the Debtor's

predecessors or affiliates, claims (as defined in section 101(5) of the Bankruptcy Code), obligations,

liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions,

interests and matters of any kind and nature, whether known or unknown, contingent or otherwise,

whether arising prior to or subsequent to the commencement of the Debtor's chapter 11 case, and

whether imposed by agreement, understanding, law, equity or otherwise, and claims otherwise

arising under doctrines of successor liability (the foregoing liens, claims, interests and encumbrances

referred to in this Paragraph Q (including without limitation any claims or interests of Mr. Blazevich,

any entity owned or controlled by him, and any of his family members, successors, assigns,

designees, representatives, employees or agents), shall be referred to hereinafter collectively as the

"Interests"), with all such Interests attaching to the proceeds of the Sale to Purchaser in the same

order of priority and with the same force and effect as such Interests enjoyed with respect to the

Purchased Assets.  For the avoidance of doubt, the term "Interests" as used in this Sale Approval

Order shall not include, (i) the Permitted Encumbrances and (ii) to liens, claims, interests, and

encumbrances arising under or with respect to Assumed Liabilities, in each case to the extent

provided in the Purchase Agreement.

R.    Purchaser would not have entered into the Purchase Agreement and would not

consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate

and its creditors, if the sale of the Purchased Assets to Purchaser were not free and clear of all

Interests, or if Purchaser could, or in the future, be liable for any Interests other than Assumed

Liabilities.

S.    Subject to the terms of this Sale Approval Order, the Debtor may sell the Purchased

Assets free and clear of all Interests against the Debtor or its estate or the Contessa Enterprise

because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the

Bankruptcy Code has been or will be satisfied.  The holders of such Interests in or against the

Debtor, its estate or the Contessa Enterprise, and non-Debtor parties to any related agreements who

did not object to the Sale Motion, are deemed to have consented pursuant to section 363(f)(2) of the

Bankruptcy Code.  Subject to the terms of this Sale Approval Order, holders of Interests fall within

one or more of the other subsections of section 363(f) and are adequately protected by having such

Interests, in each instance whether against the Debtor, its estate or the Contessa Enterprise, attach to

the proceeds to be received by the Debtor under the Purchase Agreement, subject to the same

priority and validity (and defenses and objections of the Debtor and other parties in interest, if any,

with respect thereto) as presently exist against the Debtor, its estate or the Contessa Enterprise in

which they allege such an Interest.

   T.  The transactions contemplated under the Agreement do not amount to a

consolidation, merger or de facto merger of the Purchaser and the Debtor and/or the Debtor's

estate, there is no substantial continuity between the Purchaser and the Debtor, there is no

common identity between the Debtor and the Purchaser, there is no continuity of enterprise

between the Debtor and the Purchaser, the Purchaser is not a mere continuatio n of the Debtor or its

estate, and the Purchaser does not constitute a successor to the Debtor or its estate

**Cure Amounts**

U.     The Executory Contracts are unexpired leases and executory contracts which the

Debtor may assume under section 365(a) of the Bankruptcy Code.  The payment or negotiated

resolution of the Cure Amounts shall be deemed sufficient in all respects (a) to cure defaults, if any,

existing prior to the date hereof under any of the Executory Contracts, within the meaning of section

365(b)(1)(A) of the Bankruptcy Code, and (b) to provide compensation or adequate assurance of

compensation to any counterparty to the Executory Contracts for any actual pecuniary loss to such

counterparty to any of the Executory Contracts resulting from a default prior to the date hereof under

any of the Executory Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code.

Purchaser has provided adequate assurance of its future performance under the Executory Contracts

within the meaning of section 365(f)(2)(B) of the Bankruptcy Code.

**General Findings**

V.     The sale and assignment of the Purchased Assets outside of a plan of

reorganization pursuant to the Purchase Agreement neither impermissibly restructures the rights of

the  Debtor's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization

for the Debtors.  The Sale does not constitute a *sub rosa* chapter 11 plan.

**CONCLUSIONS OF LAW:**

Based on the foregoing Findings of Fact, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED AS FOLLOWS:

**General Provisions**

1.     Except to the extent that relief was previously granted in the Sale Procedures Order,

the relief requested in the Sale Motion is GRANTED to the extent provided herein.

2.     Any objections to the Sale Motion and the relief requested therein, including, but not

limited to, the Sale to Purchaser, the assumption by the Debtor of any Executory Contracts, or the

assignment by the Debtor to Purchaser of any Executory Contracts, that have not been withdrawn, waived, or settled, are denied and overruled on the merits with prejudice.

3.    The terms and provisions of this Sale Approval Order shall be binding in all respects upon the Debtor, its estate, creditors, members, managers and shareholders, Purchaser and its officers, directors and members, all interested parties, and their respective successors and assigns, including, but not limited to, all non-Debtor parties asserting any Interests in the Debtor, its estate or the Contessa Enterprise, and shall inure to the benefit of the Purchaser, the Debtor, and their respective successors and assigns, including but not limited to any chapter 11 or chapter 7 trustee that may be appointed in the Debtor's case.

4.    Notwithstanding anything to the contrary in this Sale Approval Order, Mr. Blazevich shall have the right at the 9019 Hearing, in the event that the Court does not approve a settlement or compromise thereat (the "9019 Order"), to request that this Sale Approval Order, be vacated, modified or revised but only with respect to the Disputed Property (the "Modification Request"). Accordingly, nothing under Section 363(m) of the Bankruptcy Code, or any other provision of law, shall be deemed to preclude the vacatur, modification or revision of this Sale Approval Order as a result of such Modification Request, but only with respect to the Disputed Property.

5.    The Court's findings of fact and conclusions of law in the Sale Procedures Order,  including the record of the hearing relating thereto, are incorporated herein by reference .

**Approval of the Purchase Agreement**

6.      The Purchase Agreement, and all of the terms and conditions thereof, and the Sale to Purchaser contemplated thereby, are hereby approved; *provided, however,* that, notwithstanding anything herein to the contrary, the term "Purchased Assets," as used therein, shall not include United States Patent Appl. No. 12/365,137, "Multiple Access Microwave Oven, the inventions described in said application or any Intellectual Property described therein.

7.      Pursuant to Bankruptcy Code section 363(b), the Debtor shall consummate the Sale of the Purchased Assets to Purchaser pursuant to and in accordance with the terms and conditions set forth in the Purchase Agreement and this Sale Approval Order.

8.      Subject to the terms of this Sale Approval Order, the Debtor is hereby authorized and directed immediately to transfer the Purchased Assets to Purchaser as of the Closing Date (as defined in the Purchase Agreement).  The Debtor is hereby further authorized and directed to perform under, consummate and implement the Purchase Agreement, and to take any and all actions and execute all documents necessary or appropriate to effect the terms of the Purchase Agreement, and to take any and all further actions as may be reasonably requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser the Purchased Assets, and assuming and assigning to Purchaser the Executory Contracts.  The Purchaser shall have no obligation to proceed with the Closing (as defined in the  Purchase Agreement) until all conditions precedent to its obligation to do so shall have been  satisfied or waived.

9.      The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented in accordance with the Sale Determination Process by the Debtor and Purchaser without further order of the Court; *provided* that any such modification, amendment, or supplement is not material and does not have a material

adverse effect on the Debtor's estate, affected creditors, or counterparties to the Executory Contracts.

10.    The failure specifically to include any particular provision of the Purchase Agreement in this Sale Approval Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the Purchase Agreement and each and every provision, term, and condition thereof be authorized and approved in its entirety.

11.    From and after the entry of this Sale Approval Order, the Debtor, and all third parties with notice of the Sale to Purchaser shall not take or cause to be taken any action that would interfere with the transfer of the Purchased Assets or any portion thereof to Purchaser in accordance with the terms of the Purchase Agreement and this Sale Approval Order or the use, operation and enjoyment by Purchaser of the Purchased Assets; *provided, however,* that nothing herein shall prevent any party from participating in the 9019 Hearing.

12.    The transfer of the Purchased Assets to Purchaser pursuant to the Purchase Agreement is an exchange for consideration by Purchaser that constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

**Deposit**

13.    Upon entry of this Sale Approval Order and notwithstanding anything to the contrary in the Purchase Agreement or any related document, including, without limitation, the Escrow Agreement, (i) the Secured Lender's[6] liens, claims, and interests shall immediately attach to the Debtor's interest in the Deposit in accordance with the Cash Collateral Order and (ii) any Joint Written Direction relative to treatment or disbursement of the Deposit to the Seller must include a

---

[6]    As defined in the *Stipulated Final Order (A) Authorizing the Debtor's Use of Cash Collateral, (B) Granting Adequate Protection to Wells Fargo Bank, National Association, and (C) Granting Other Related Relief* (as amended as of the date hereof, the "Cash Collateral Order") [Docket Nos. 185, 200, 258, and 305].

written direction executed by the Secured Lender to the Escrow Agent.  At such time as the Deposit

would otherwise be payable to the Debtor, such Deposit shall instead be payable to the Secured

Lender unless otherwise agreed in writing by Purchaser, the Debtor, and the Secured Lender.

14.     This Sale Approval Order shall modify the *Stipulated Second Amendment to*

*Stipulated Final Order (A) Authorizing the Debtor's Use of Cash Collateral, (B) Granting Adequate*

*Protection to Wells Fargo Bank, National Association, and (C) Granting Other Related Relief*

[Docket No. 305] (the "<u>Second Amendment</u>") to provide that the Debtor:

(a)     must maintain a minimum cash balance in the Segregated Cash Collateral  Account

of $257,438 until the earlier of (i) the Closing or (ii) July 15, 2011; and

(b)     will not receive the aggregate amount of Cash Collateral held in the Segregated

Cash Collateral Account (as defined in the Cash Collateral Order) upon entry of

this Sale Approval Order pursuant to paragraph 6 of the Second Amendment.

The Debtor will be required to comply with all other terms and conditions of the Cash

Collateral Order (as amended).  Upon the earlier of (i) the Closing, or (ii) July 15, 2011, the Secured

Lender shall be entitled, without further order of the Court, to immediately effect a setoff against

the balance of the Segregated Cash Collateral Account to be applied as a permanent principal

paydown of the Prepetition Secured Obligations (as defined in the Cash Collateral Order).

### Transfer of Assets Free and Clear

15.     At Closing, Purchaser shall acquire the Purchased Assets for the Purchase Price.  Any

allocation of the Purchase Price to particular Purchased Assets as may be agreed between the Debtor

and Purchaser in or in connection with the Purchase Agreement shall not be binding on any party in

interest in connection with the allocation of the proceeds of the Sale among holders of the Interests.

16.     Upon payment of the Purchase Price, (a) the Purchased Assets, pursuant to section

363(f) of the Bankruptcy Code, shall be transferred, and title passed, to Purchaser free and clear of

all Interests of any kind or nature (except for the Permitted Encumbrances and those Interests arising in connection with the Assumed Liabilities), with such Interests to attach to the proceeds of the Sale in the same order, amount and priority as existed immediately prior to the commencement of the Debtor's chapter 11 case, and (b) the Debtor is authorized and directed, on the date of the Closing of the Sale and as a condition to the Secured Lender releasing its liens, claims, and interests in the Purchased Assets, to pay in cash from the Sale proceeds received by the Debtor the claims of and obligations owing to the Secured Lender, with any remaining unused portion of the Purchase Price to be retained by the Debtor.  Notwithstanding anything to the contrary contained herein or in any of such releases or other documents, the obligations and liabilities of the Debtor to the Secured Lender, insofar as such obligations and liabilities survive termination of the Secured Financing Documents (as defined in the Cash Collateral Order) in accordance with this Sale Approval Order, shall continue in full force and effect in accordance with their terms, and the Secured Lender shall retain its liens and claims, as applicable, with respect to any assets of the Debtor's estate not included in the Purchased Assets as security for such obligations and liabilities of the Debtor, if any, as set forth in the Secured Financing Documents or the Cash Collateral Order, as applicable.  In connection with the payment of Prepetition Secured Obligations from the proceeds of the Sale, the Debtor is hereby authorized to execute a payoff letter containing, among other things, releases of liability and indemnifications of the Secured Lender.

17.     Except with respect to the Permitted Encumbrances and any Assumed Liabilities, Purchaser shall not have any liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Purchased Assets.  Without limiting the generality of the foregoing, Purchaser shall not be liable for the Excluded Liabilities (as defined in the Purchase Agreement), and Purchaser shall not be liable for any claims (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature, whether prepetition or postpetition, matured or un-matured,

fixed or contingent, liquidated or unliquidated, known or unknown as of the Closing Date (other than

Permitted Encumbrances and the Assumed Liabilities), against the Debtor or any of its predecessors

or affiliates, and, as of the Closing, the Debtor is deemed to release and forever discharge the

Purchaser and any of its affiliates, successors and assigns from any and all claims, causes of action,

obligations, liabilities, demands, losses, costs and expenses of any kind, character or nature whatsoever,

known or unknown, fixed or contingent, relating to the sale and assignment of the Purchased Assets,

except in connection with the Permitted Encumbrances and Assumed Liabilities, and the Purchaser

shall have no successor liability to the extent this Court has the authority to order same under

applicable law.

18.    Except as expressly permitted or otherwise specifically provided by the Purchase

Agreement, all persons and entities, including, but not limited to, all debt holders, equity holders,

governmental, tax, and regulatory authorities, lenders, trade and other creditors holding Interests of

any kind or nature whatsoever against the Debtor, its estate or the Contessa Enterprise (whether legal

or equitable, secured or unsecured, matured or unmatured, known or unknown, liquidated or

unliquidated, contingent or fixed, senior or subordinated) are hereby forever barred, estopped and

permanently enjoined from asserting any such Interests against Purchaser, its assignees or

successors, its property or assets, and all such Interests are hereby transferred to the proceeds of the

Sale, in the same order, amount and priority as existed immediately prior to the commencement of

the Debtor's chapter 11 case.

19.    The transfer of the Purchased Assets to Purchaser pursuant to the Purchase

Agreement and this Sale Approval Order constitutes a legal, valid, and effective transfer of the

Purchased Assets, and shall vest in Purchaser the same right, title and interest of the Debtor in and to

the Purchased Assets free and clear of all Interests of any kind or nature whatsoever (except for any

Permitted Encumbrances and Assumed Liabilities) notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code).

20.    To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date (as defined in the Purchase Agreement), to operate under any license, permit, registration, and any other governmental authorization or approval of the Debtor with respect to the Purchased Assets and the Executory Contracts, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Purchaser as of the Closing Date.

21.    With respect to any Assumed Liabilities that constitute pre-petition or administrative expense claims of the Debtor's trade vendors that have been incurred by the Debtor in the Ordinary Course of Business (as defined in the Purchase Agreement) and have not been discharged prior to the Closing, the Purchaser's assumption of such Assumed Liabilities will in the form of a trade credit payable to each such trade vendor equal to twelve percent (12%) of the average monthly trade receivables owed to such trade vendor from the Purchaser, excluding shipping and handling charges, discounts, mark downs, taxes, duties, returns, bad debt and collection expenses, calculated for a twelve (12) month period ending on each one-year anniversary of the Closing Date, and will be payable to such trade vendor within forty-five (45) days of each one-year anniversary of the Closing Date until the earlier of (i) the Purchaser paying an aggregate of $1,000,000 of such trade credits in accordance with this paragraph 20 or (ii) the date that is forty-five (45) days after the third (3rd) anniversary of the Closing.

**Assumption and Assignment of Executory Contracts**

22.    Pursuant to sections 365(b), (e) and (f) of the Bankruptcy Code, and subject to the Purchase Agreement and this Sale Approval Order, the Debtor is authorized to assume, and assign to Purchaser, the Executory Contracts.

23.     The Executory Contracts as to which (i) there has been no objection to assumption thereof or to the proposed Cure Amount, or (ii) as to which an objection (a "Cure Objection") was interposed but resolved or withdrawn prior to the Sale Approval Hearing, shall, subject to payment of the Cure Amounts (or such other amount as may be agreed to by Purchaser and a counter-party to any Executory Contracts), be deemed assumed by the Debtor and assigned to Purchaser as of the Closing Date, and Purchaser shall be deemed to have provided adequate assurance of its future performance under such Executory Contracts and within the meaning of sections 365(b) and (f) of the Bankruptcy Code.

24.     The Executory Contracts as to which a Cure Objection was interposed solely as to the Cure Amount, and which Cure Objection shall not have been resolved or withdrawn as of the date of the Sale Approval Hearing, shall be deemed assumed by the Debtor and assigned to Purchaser as of the Closing Date; provided that other than as sent forth in the Purchase Agreement, (i) Debtor shall have paid the entire disputed Cure Amount, and (ii) the Debtor shall have segregated the applicable disputed portion of such Cure Amount pending the resolution of such dispute by the Court or by agreement of the parties, for payment to such counter-party or repayment to Debtor.

25.     There shall be no accelerations, assignment fees, increases or any other fees charged to Purchaser as a result of the assumption and assignment of any Executory Contracts.

26.     In accordance with sections 365(b)(2) and (f) of the Bankruptcy Code, upon assignment of the Executory Contracts to Purchaser, (i) Purchaser shall have all of the rights of the Debtor thereunder and each of the Executory Contracts shall remain in full force and effect for the benefit of Purchaser notwithstanding any provision in any such Executory Contracts or in applicable law that prohibits, restricts or limits in any way such assignment or transfer, (ii) upon payment or negotiated resolution of the applicable Cure Amount, no defaults shall exist thereunder, monetary, or non-monetary, and (iii) no Executory Contracts may be terminated, or the rights of any party

- 19 -

modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the consummation of the Sale.

27.    Upon payment or negotiated resolution of the applicable Cure Amount and the assignment of the Executory Contracts to Purchaser, Purchaser shall assume full responsibility and liability for the Executory Contracts, and, pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall have no further responsibility, financial or otherwise, under any Executory Contracts for any monetary or non-monetary defaults, breaches or other damages associated with the Executory Contracts, arising or accruing subsequent to the Closing Date.

### Additional Provisions

28.    The consideration provided by Purchaser under the Purchase Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.  Each and every person or entity is hereby barred, estopped, and permanently enjoined from commencing or continuing an action seeking relief under section 363(n) of the Bankruptcy Code.

29.    The Purchase Agreement is the product of good-faith (as that term is used in section 363(m) of the Bankruptcy Code), arm's-length negotiations, and Purchaser is and shall continue to be in good faith (as that term is used in section 363(m) of the Bankruptcy Code) by proceeding to consummate the Sale.  Accordingly, the reversal or modification on appeal of the authorization under this Sale Approval Order to consummate the Sale approved hereby shall not affect the validity and enforceability of the Sale, unless such authorization is duly stayed pending such appeal. Purchaser is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

30.    Any person or entity in possession of any of the Purchased Assets shall surrender such assets to Purchaser upon the Closing of the Sale.

31.    Nothing contained in any plan of reorganization or liquidation confirmed in the Debtor's chapter 11 case or any order of this Court confirming such plan or in any other order in the

- 20 -

Debtor's chapter 11 case (including any order dismissing the Debtor's chapter 11 case or entered

after any conversion of the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy

Code), except any order of this Court made upon a permitted Modification Request, shall alter,

conflict with, or derogate from, the provisions of the Purchase Agreement or the terms of this Sale

Approval Order.  The terms and provisions of the Purchase Agreement, as well as the rights and

interests granted pursuant to the Purchase Agreement and this Sale Approval Order, shall continue in

this or any superseding case and shall be specifically performable and enforceable against and

binding upon, and shall inure to the benefit of, the Debtor, its estate, Purchaser, and their respective

successors and permitted assigns, including any trustee, responsible officer or other fiduciary

hereafter appointed as a legal representative of the Debtor under chapter 7 or chapter 11 of the

Bankruptcy Code, and shall not be subject to rejection, revocation or avoidance.  Such binding effect

is an integral part of this Sale Approval Order.  Any trustee appointed in the Chapter 11 case or any

superseding case under chapter 7 of the Bankruptcy Code shall operate the business of the Debtor to

the fullest extent necessary to permit compliance with the terms of this Sale Approval Order and the

Purchase Agreement, and shall be and hereby is authorized to perform under the Purchase

Agreement without the need for any further order of this Court.

32.    Neither Purchaser nor its affiliates, successors or assigns shall, as a result of the

consummation of the transaction contemplated by the Purchase Agreement or the Sale, (i) be or be

deemed to be a successor to the Debtor or its estate; (ii) have, de facto or otherwise, merged or

consolidated with or into the Debtor or its estate; or (iii) be a continuation or substantial

continuation of the Debtor or any business of the Debtor.  Without limiting the foregoing, the

Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any

liability or obligation of the Debtor and/or its estate including, but not limited to, any bulk sales  law,

successor liability, liability or responsibility for any claim against the Debtor or against an  insider of

the Debtor, or similar liability except as otherwise expressly provided in this Order or  pursuant to

applicable law.  In the event that Purchaser elects to be treated as a successor  employer under

section 3121(a)(1) of the Internal Revenue Code, or makes an election to assume,  on an employee by

employee basis, immigration-related liabilities with respect to former  employees of the Debtor

hired by the Purchaser, the Purchaser shall not by reason of any such  election be deemed to have

assumed any other liabilities or to be a successor for any other  purpose.

33.    The Debtor is hereby authorized and directed to take such steps, incur and pay such

costs and expenses, and take all such actions as may be reasonably necessary to fulfill any notice

requirements established by this Sale Approval Order.

34.    The terms and provisions of the Purchase Agreement and other ancillary documents,

together with the terms and provisions of this Sale Approval Order, shall be binding upon and shall

govern the acts of all entities including, without limitation, the Debtor, any trustees thereof, its

estate, its creditors, its shareholders, and all interested parties, all filing agents, filing officers, title

agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies,

governmental units, secretaries of state, federal, state, and local officials, including, without

limitation, any such administrative or governmental authorities and all other persons and entities,

maintaining any authority relating to licensing, environmental, health, or safety laws, or who may

be required by operation of law, the duties of their office, or contract, to accept, file, register or

otherwise record or release any documents or instruments, or who may be required to report or

insure any title or state of title in or to the Purchased Assets or any portion thereof.

35.    The provisions of this Sale Approval Order authorizing the sale and  assignment of

the Purchased Assets free and clear of Interests and the Excluded Liabilities, shall  be self-executing,

and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination

statements, assignments, consents, or other instruments in order to effectuate, consummate and

implement the provisions of this Sale Approval Order.  Notwithstanding the foregoing, each and

every federal, state, and local governmental agency or department is hereby authorized to accept any

and all documents and instruments deemed by the Debtor and/or the Purchase to be necessary and

appropriate to consummate the transactions contemplated by the Purchase Agreement.

36.    Except for Assumed Liabilities and Permitted Encumbrances, all Interests against the

Purchased Assets shall forthwith, upon the Closing Date, be removed and stricken, without further

order of the Court or act of any party, and any entity holding an Interest against the Purchased

Assets shall strike all such recorded liens, claims or encumbrances against the Purchased Assets as

provided for herein from their records, official and otherwise, with such Interests to attach to the

proceeds of the Sale in the same order, amount and priority as existed immediately prior to the

commencement of the Debtor's chapter 11 case.

37.    If any person or entity asserting an Interest (except those in connection with

Permitted Encumbrances or Assumed Liabilities) has filed financing statements, mortgages,

construction liens, mechanic's liens, *lis pendens,* or other documents or agreements evidencing liens

or encumbrances with respect to the Purchased Assets, and has not delivered to the Debtor and/or

Purchaser prior to the Closing Date, in proper form for filing and executed by the appropriate

parties, termination statements, instruments of satisfaction, and/or releases of all liens or

encumbrances that the person or entity has with respect to the Purchased Assets, then (a) the Debtor

and Purchaser are hereby authorized and directed to execute and file such statements, instruments,

releases and other documents on behalf of the person or entity with respect to the Purchased Assets,

and (b) Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this

Sale Approval Order, which, once filed, registered, or otherwise recorded, shall constitute

conclusive evidence of the release of all Interests against the Purchased Assets of any kind or nature

- 23 -

whatsoever.  The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.

38.     This Sale Approval Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  All time periods set forth in this Sale Approval Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

39.     To the extent that anything contained in this Sale Approval Order conflicts with a provision in the Purchase Agreement, this Sale Approval Order shall govern and control.

40.     The stay provisions of Bankruptcy Rules 6004(h) and 6006(d) are hereby waived, and notwithstanding Bankruptcy Rule 6004(h) and 6006(d), to the extent applicable, Purchaser and the Debtor may consummate the Sale to Purchaser pursuant to the Purchase Agreement at any time after entry of this Sale Approval Order.   The provisions of this Sale Approval Order are nonseverable and mutually dependent.

41.     The findings of fact set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

42.     The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby  lifted with respect to the Debtor to the extent necessary, without further order of this court, to allow the Purchaser to deliver any notice provided for in the Purchase Agreement and allow the Purchaser to take any and all actions permitted under the Purchase Agreement in accordance with the terms and conditions thereof.

43.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation and enforcement of this Sale Approval Order, including, but not limited to,

- 24 -

interpreting and enforcing the terms and provisions of this Sale Approval Order, the Purchase

Agreement, and adjudicating, if necessary, any and all disputes relating to the Sale.

### 

DATED: July 1, 2011

_____
United States Bankruptcy Judge

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 11ᵗʰ Floor, Los Angeles, CA  90067**

A true and correct copy of the foregoing document *[PROPOSED] ORDER (A) APPROVING AND AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEFF* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **June 30, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed*.*

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 30, 2011** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**By Personal Delivery**
Honorable Peter H. Carroll, United States Bankruptcy Judge
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Bin outside of Suite 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 30, 2011 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## II. SERVED BY U.S. MAIL

**Dedeaux Properties, LLC.**
c/o Robert Santich, Mgr & Executive V.P.
c/o Ashok Aggarwal, Sr. V.P. Finance
1430 S. Eastman Avenue
Los Angeles, CA 90023

**Counsel to Dedeaux Enterprises (a/k/a DART)**
John J. Duffy, Esq.
DLA Piper LLC
550 South Hope Street, Ste. 2300
Los Angeles, CA 90071

**Attorneys for Dedeaux Properties, LLC**
Kurt Ramlo
DLA Piper LLP (US)
550 South Hope Street Suite 2300
Los Angeles, California 90071

**Attorneys for Dedeaux Properties**
George B. South III
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104

**Attorneys for Dedeaux Properties**
Bertrand Pan
DLA Piper LLP (US)
550 South Hope Street Suite 2300
Los Angeles, California 90071

**General Electric Capital Corp.**
Dale Shores, VP, Restructuring
3 Capital Drive
Mail Station 1-3
Eden Prairie, MN 55344

**Counsel to GECC**
Harvey S. Schochet
Peter L. Isola
Davis Wright Tremaine LLP
505 Montgomery Street, Ste 800
San Francisco, CA 94111

**Counsel to GECC**
Davis Wright Tremaine LLP
865 South Figueroa
Los Angeles, CA 90017

Roy L. Bennett, Senior Credit Officer
**Farm Credit Services of Mid-America**
1601 UPS Drive
Louisville, KY  40223

**Attorneys for Jenny Craig**
Jeffrey Goldman, Esq. (SBN 233840)
Pepper Hamilton LLP
4 Park Plaza, Suite 1200
Irvine, California 92614

Robert S. Hertzberg, Esq.
Pepper Hamilton LLP
Suite 3600, Renaissance Center
Detroit, Michigan 48243

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.

**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ***[ENTERED] ORDER (A) APPROVING AND AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEF*** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (</u>**"**<u>NEF</u>**"**<u>)</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **June 30, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒  Service information continued on attached page

**II.  <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

*Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)*
*russell.clementson@usdoj.gov*

*Bradley L Cornell on behalf of Creditor Superior Foods International LLC*
*bcornell@cornell-lawfirm.com*

*Jeffrey W Dulberg on behalf of Debtor Contessa Premium Foods Inc*
*jdulberg@pszjlaw.com*

*M Douglas Flahaut on behalf of Creditor Committee The Official Committee of Unsecured Creditors*
*flahaut.douglas@arentfox.com*

*Jeffrey B Gardner on behalf of Creditor Haliburton International Foods, Inc.*
*Jeff.Gardner@sbgk.com, mary.do@sbgk.com*

*Jeffrey M Goldman on behalf of Creditor Jenny Craig, Inc.*
*goldmanj@pepperlaw.com*

*Richard H Golubow on behalf of Creditor Louis Wang*
*rgolubow@winthropcouchot.com, pj@winthropcouchot.com*

*Jeffrey S Goodfried on behalf of Creditor Boardman Foods, Inc.*
*jgoodfried@perkinscoie.com*

*Peter L Isola on behalf of Creditor Farm Credit Services of Mid-America*
*peterisola@dwt.com*

*John H Kim on behalf of Interested Party Courtesy NEF*
*jkim@cookseylaw.com*

*Andy Kong on behalf of Creditor Committee The Official Committee of Unsecured Creditors*
*Kong.Andy@ArentFox.com*

*Mette H Kurth on behalf of Creditor Committee The Official Committee of Unsecured Creditors*
*kurth.mette@arentfox.com*

*Katie A Lane on behalf of Attorney Arent Fox LLP*
*lane.katie@arentfox.com*

*Nicole S Magaline on behalf of Interested Party U.S. Foodservice, Inc.*
*nmagaline@schiffhardin.com*

*Scotta E McFarland on behalf of Attorney ----- Pachulski Stang Etal*
*smcfarland@pszjlaw.com, smcfarland@pszjlaw.com*

*Frank F McGinn on behalf of Interested Party Courtesy NEF*
*ffm@bostonbusinesslaw.com*

*Lawrence H Meuers on behalf of Creditor Agroindustria Legumex, S.A.*
*lmeuers@meuerslawfirm.com,*
*sdefalco@meuerslawfirm.com;nbucciarelli@meuerslawfirm.com;lcastle@meuerslawfirm.com*

*Aram Ordubegian on behalf of Creditor Committee The Official Committee of Unsecured Creditors*
*ordubegian.aram@arentfox.com*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                    **F 9021-1.1.NOTICE.ENTERED.ORDER**
**Error! Unknown document property name.**

*Bertrand Pan on behalf of Creditor Dedeaux Properties, LLC*
*bertrand.pan@dlapiper.com*

*David M Poitras on behalf of Interested Party Courtesy NEF*
*dpoitras@jmbm.com*

*Jeffrey N Pomerantz on behalf of Interested Party Courtesy NEF*
*jpomerantz@pszjlaw.com*

*Kurt Ramlo on behalf of Creditor Dedeaux Properties, LLC*
*kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com*

*Christopher O Rivas on behalf of Creditor Sargento Foods Inc.*
*crivas@reedsmith.com*

*Katherine A Traxler on behalf of Creditor Wells Fargo Bank, N.A. and Wells Fargo Bank Northwest, N.A.*
*katietraxler@paulhastings.com*

*United States Trustee (LA)*
*ustpregion16.la.ecf@usdoj.gov*

*Joseph M VanLeuven on behalf of Interested Party Courtesy NEF*
*joevanleuven@dwt.com*

*Elizabeth Weller on behalf of Creditor Tarrant County*
*dallas.bankruptcy@publicans.com*

*Marc J Winthrop on behalf of Creditor Louis Wang*
*mwinthrop@winthropcouchot.com, pj@winthropcouchot.com*

*Craig A Wolfe on behalf of Debtor Contessa Premium Foods Inc*
*kdwbankruptcydepartment@kelleydrye.com*


**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>:**


*Please see attached service list*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                           **F 9021-1.1.NOTICE.ENTERED.ORDER**
**Error! Unknown document property name.**

**Attorneys for General Electric Capital Corporation**
**GE Capital Public Finance, Inc.**
**Farm Credit Services of Mid-America**
Joseph M. VanLeuven
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-3611

**Attorneys for Creditor**
**Haliburton International Foods, Inc.**
Jeffrey B. Gardner
Barry, Gardner & Kincannon
A Professional Corporation
2214 Faraday Avenue
Carlsbad, CA 92008

**Counsel for Dickinson Frozen Foods, Inc.**
Boardman Foods, Inc.
Jeffrey S Goodfried
Perkins Cole LLP
1888 Century PK E Ste 1700
Los Angeles, CA 90067

**Counsel for Wells Fargo Bank, N.A. and Wells Fargo Bank**
**Northwest, N.A.**

Cassie Coppage
Paul Hastings Janofsky & Walker
600 Peachtree Street, N.E.,
Twenty-Fourth Floor
Atlanta, GA 30308

**Counsel for Tarrant County**
John H Kim
Cooksey, Toolen, Gage, Duffy & Woog
535 Anton Blvd 10th Fl
Costa Mesa, CA 92626-1977

**Superior Foods International LLC**
Bradley L Cornell
Cornell Law Firm
2596 Mission St Ste 300
San Marino, CA 91108

**Attorneys for Dedeaux Properties, LLC**
Kurt Ramlo
DLA Piper LLP (US)
550 South Hope Street Suite 2300
Los Angeles, California 90071

**Counsel for Louis Wang**
Richard H Golubow
Winthrop Couchot
660 Newport Center Drive Ste 400
Newport Beach, CA 92660

**Counsel for Wells Fargo Bank, N.A. and Wells Fargo Bank**
**Northwest, N.A.**
Katherine A Traxler
Paul Hastings Janofsky & Walker LLP
515 S Flower St 25th Fl
Los Angeles, CA 90071

**Counsel for Tarrant County**
Elizabeth Weller
Linebarger Goggan Blair & Sampson LLP
2323 Bryan St Ste 1600
Dallas, TX 75201

**Counsel for Tarrant County**
Frank F McGinn
Bartlett Hackett Feinberg PC
155 Federal St 9th Flr
Boston, MA 02110

**Agroindustria Legumex, S.A.**
**Inn Foods, Inc**
**Smith Frozen Foods, Inc.**
Lawrence H Meuers
Meuers Law Firm
5395 Park Central Court
Naples, FL 34109

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                **F 9021-1.1.NOTICE.ENTERED.ORDER**
**Error! Unknown document property name.**

**Sargento Foods Inc.**

Christopher O Rivas
Reed Smith LLP
355 S Grand Ave Ste 2900
Los Angeles, CA 90071-1514

Internal Revenue Service So. CA
IRS – Los Angeles
300 North Los Angeles Street, Room 1216
Los Angeles, CA  90012

Betsy Price, Tax Assessor
Box 961018
Ft. Worth, TX

LA County Tax Collector
P.O. Box 54018
Los Angeles, CA  90054

City of Los Angeles
Office of Finance
PO Box 53200
Los Angeles, CA 90053

City of Commerce
2535 Commerce Way
Scottsdale, AZ 85251

City of Scottsdale
7447 E Indian School Road Suite 210
Commerce, CA 90040

City of Seattle
Revenue & Consumer Affairs
PO Box 34907
Seattle, WA 98124

LA County Clerk
PO Box 53592
Los Angeles, CA 90053

Secretary of State
PO Box 944230
Sacramento, CA 94244

Secretary of State – PRD
PO Box 1467
Sacramento, CA 95814

State of New Jersey
Department of Labor
PO Box 929
Trenton, NJ 08646

State of New Jersey
Division of Employer Accounts
PO Box 059
Trenton, NJ 08646

State of Washington
Department of Finance
Seattle, WA 98124

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                      **F 9021-1.1.NOTICE.ENTERED.ORDER**
**Error! Unknown document property name.**

US Department of Commerce
NOAA
PO Box 979008
St. Louis, MO 63197

United States Attorneys' Office
Andrew Birotte, Jr, USA
1200 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

United States Attorney General's Office
950 Pennsylvania Avenue
Washington, DC 20530

Dart Warehouse Corporation
1430 South Eastman Avenue
Los Angeles, CA 90023

Dart Warehouse Corporation
PO Box 23931
Los Angeles, CA 90023

Pacific Place Associates LP
222 West 6th Street, Suite 125
San Pedro, CA 80731

**Contessa Premium Foods**
**Chapter 11 Case No. 2:11-bk-13454-PC**
**2002 Mailing List**

**<u>Debtor</u>**
Contessa Premium Foods, Inc.
Attn:  Suzanne Nuzzi
222 West 6th Street
San Pedro, CA  90731

United States Trustee
Russell Clementson
Office of the United States Trustee
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

Internal Revenue Service
Small Business/Self-Employed Division
Insolvency Unit, Area West, Territory 14, Gp7
Mail Stop 5022
300 N. Los Angeles Street
Los Angeles, CA 90012

**<u>Counsel to Creditors Committee</u>**
ARENT FOX LLP
Attn: Mette H. Kurth, Esq., Aram Ordubegian, Esq.,
Andy S. Kong, Esq., and M. Douglas Flahaut, Esq.
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                        **F 9021-1.1.NOTICE.ENTERED.ORDER**
**Error! Unknown document property name.**

**Committee Member**
Band D Foods
c/o Timothy B. Andersen, President
3494 S. TK Avenue
Boise, Idaho 83705

**Committee Member**
BrucePac
c/o Glen Golomski, President/CEO
811 North 1 st Street
Silverton, OR 97381

**Committee Member**
Dedeaux Properties, LLC.
c/o Robert Santich, Mgr & Executive V.P.
c/o Ashok Aggarwal, Sr. V.P. Finance
1430 S. Eastman Avenue
Los Angeles, CA 90023

**Committee Member**
Pacific Southwest Container
c/o James D. Mayol, Secretary/General Counsel
P.O. Box 3049
Modesto, CA 95353

**Committee Member**
Sage V Foods, Inc.
c/o Victor P. Vegas, President
12100 Wilshire Blvd., Suite 605
Los Angeles, CA 90025

**Secured Lender**
Wells Fargo Bank, N.A.
Art Brokx, SVP/Loan Team Manager
333 South Grand Avenue, Suite 940
Los Angeles, CA 90071

**Attorneys for Wells Fargo Bank**
John Francis Hilson, Esq.
Connie L. Hilton, Esq.
Cynthia Cohen, Esq.
Paul Hastings Janofsky & Walker
515 South Flower St., 25th Floor
Los Angeles, CA  90071

**Attorneys for Wells Fargo Bank**
Jesse H. Austin, III
Partner, Corporate Department
600 Peachtree Street, N.E.,
Twenty-Fourth Floor
Atlanta, GA 30308
United States of America

**Secured Lender**
General Electric Capital Corp.
Dale Shores, VP, Restructuring
3 Capital Drive
Mail Station 1-3
Eden Prairie, MN 55344

**Counsel to GECC**
Davis Wright Tremaine LLP
865 South Figueroa
Los Angeles, CA 90017

**Requests for Special Notice**

**Counsel to GECC**
Harvey S. Schochet
Peter L. Isola
Davis Wright Tremaine LLP
505 Montgomery Street, Ste 800
San Francisco, CA 94111

**Counsel to Dedeaux Enterprises (a/k/a DART)**
John J. Duffy, Esq.
DLA Piper LLC
550 South Hope Street, Ste. 2300
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
**Error! Unknown document property name.**
**F 9021-1.1.NOTICE.ENTERED.ORDER**

**Attorneys for Dedeaux Properties**
George B. South III
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104

**Attorneys for Dedeaux Properties**
Bertrand Pan (SBN 233472)
DLA Piper LLP (US)
550 South Hope Street Suite 2300
Los Angeles, California 90071

Laura A. Meyerson
Senior Attorney
Southern California Edison Company
2244 Walnut Grove Ave., 3rd Floor
Rosemead, CA  91770

Roy L. Bennett, Senior Credit Officer
Farm Credit Services of Mid-America
1601 UPS Drive
Louisville, KY  40223

**Attorneys for U.S. Foodservice**
Louis T. Delucia, Esq.
Alyson M. Fiedler, Esq.
SCHIFF HARDIN LLP
900 Third A venue
New York, New York 10022

**Attorneys for U.S. Foodservice**
Nicole S. Magaline, Esq.
Schiff Hardin LLP
2 One Market
Spear Street Tower, 32nd Fl.
3 San Francisco. CA 94105

**Attorneys for Patterson Vegetable Company and
Coastal Green Vegetable Company**
David M. Gilmore, Esq.
Marcus D. Magness, Esq.
Tracie L. Goodwin, Esq.
Gilmore, Wood, Vinnard & Magness
P.O. Box 28907
Fresno, CA 93729-8907

**Attorneys for Patterson Vegetable Company
and Coastal Green Vegetable Company**
Jeffrey Michael Goldman
Pepper Hamilton LLP
4 Park Plaza, Suite 1200
Irvine, CA 92614

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.